**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT PUBLIC LIMITED CO., WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>               Defendants. | Civil Action No. 1:06CV00401<br><br>Judge Colleen Kollar-Kotelly |

**DEFENDANT WARNER CHILCOTT'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**
**FROM INDIRECT PURCHASER CONSUMER PLAINTIFFS**

Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals) Ltd. ("Warner Chilcott" or "Defendants") bring this motion to compel indirect purchaser consumer Plaintiffs Stephanie Cohen and Sunda Croonquist

("Plaintiffs") to produce documents relating to prescriptions and free samples of Combined

Hormonal Contraceptive Products ("CHCs") other than Ovcon 35.[1]

## INTRODUCTION

In April 2006, Plaintiffs filed their Amended Class Action Complaint against

Defendants, seeking injunctive relief and damages on the grounds that the Option and License

Agreement (the "Agreement") between Warner Chilcott and Barr is an unlawful restraint of trade

under the Sherman Act and various state laws. *See* Am. Class Action Compl. ¶¶ 72, 82, 98, 101

("Compl."). With respect to product market definition, Plaintiffs' erroneously contend that the

relevant product market is strictly limited to Ovcon and its AB-rated generic equivalents. *See*

Compl. ¶ 80. That allegation necessarily contends that Ovcon 35 does not compete with any of

the more than 65 other CHC products in the crowded and intensely competitive CHC therapeutic

category. *See id.*

On May 18, 2006, Defendants served on Plaintiffs their First Request for

Production of Documents ("Document Requests," attached as Exhibit A). Defendants'

Document Requests requested, *inter alia*, documents relating to CHC prescriptions and free

samples other than Ovcon 35. In over two and a half months since being served with

Defendants' discovery requests, Plaintiff Sunda Croonquist has produced *no* documents, while

Plaintiff Stephanie Cohen has produced a total of five documents. Although the requested

information directly addresses a number of key issues in this case, namely, Plaintiffs' alleged

injury, product market definition, and motion for class certification, Plaintiffs have refused to

---

[1]     Plaintiffs have also inappropriately refused to answer Warner Chilcott's interrogatories concerning CHC prescriptions and free samples other than Ovcon 35. *See* Plaintiffs' Objections and Responses to Warner Chilcott's First Set of Interrogatories, Nos. 3 and 4. Defendants seek to compel answers to these interrogatories as well.

produce information concerning other CHCs based on unfounded blanket objections. *See* Pls.
Obj. and Resp. to Warner Chilcott Defs. First Req. for Prod. of Docs. (attached as Exhibit B).

Warner Chilcott attempted to resolve this discovery dispute through a meet and confer conference on July 25, 2006 and again on July 31, 2006, however Plaintiffs have been unwilling to provide such relevant information, which is easily located with no burden involved. Thus, we have proceeded with this motion.

## ARGUMENT

**A.    Information Regarding Other CHC Products is Relevant and Must Be Produced**

Federal Rule of Civil Procedure 26(b)(1) permits litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). It is well-established that relevance is broadly construed. *See Anton v. Prospect Cafe Milano, Inc.,* 233 F.R.D. 216, 218 (D.D.C. 2006). Plaintiffs nevertheless assert blanket relevance objections to producing information relating to CHC prescriptions and free samples other than Ovcon 35. *See* Document Responses Nos. 2, 4, 5, and 9.[2]

Information pertaining to other CHC products is directly relevant to the central issues of this case. First, such information bears directly relevant on the appropriate product market definition. *See Spectrum Sports, Inc. v. McQuillan,* 506 U.S. 447, 456 (1993) ("[W]ithout a definition of the market there is no way to measure the defendants' ability to lessen

---

[2]    Plaintiffs have also inappropriately refused to produce information pertaining to Plaintiffs' non-CHC prescription drug purchases. This information is relevant because it demonstrates whether Plaintiffs are "brand loyal" in general, and thus whether they are inclined in any event to purchase a generic version of Ovcon 35. Defendants do intend to question Plaintiffs about their preference for brand or generic prescription drug products in their depositions and will, if necessary, seek appropriate relief.

or destroy competition.").[3]  According to Plaintiffs, the appropriate market definition under which to analyze the legality of the Agreement is strictly limited to "Ovcon and its AB-rated generic equivalents." Compl. ¶ 80.  Under well-settled antitrust jurisprudence, to determine whether Ovcon 35 in fact competes with other CHCs, the Court must evaluate whether other CHCs are reasonably interchangeable with Ovcon 35. *See, e.g., FTC v. Arch Coal, Inc.,* 329 F. Supp. 2d 109, 119 (D.D.C. 2004) ("In determining relevant product markets, courts have traditionally emphasized two factors: the reasonable interchangeability of use by consumers and the cross-elasticity of demand between the product itself and substitutes for it.").  As a matter of basic fairness, Plaintiffs may not unilaterally define the relevant product market and then stymie efforts by Defendants to obtain discovery that is necessary to challenging Plaintiffs' preferred definition.

Second, information regarding other CHCs is also relevant to Plaintiffs' claimed injury, as well as class certification issues.  Although Plaintiffs' alleged injury arises from their inability to purchase a generic version of Ovcon 35, Plaintiffs have refused to provide information relevant to whether they would purchase a generic Ovcon 35 *if one were in fact available.*  Of course, if Plaintiffs' CHC prescription history indicates they would not purchase a generic, even if one were available, they also could not serve as adequate representatives of the

---

[3]    At a minimum, information related to the state of the market in which Ovcon competes is also relevant to the determination of the appropriate standard that applies to the Court's analysis of the Agreement, i.e., the *per se* rule, "quick look," or the rule of reason. Defs. Mem. Opp'n Pls. Mot. Summ. J. at 17-18 (June 8, 2006) (citing *Cal. Dental Assoc. v. FTC,* 526 U.S. 756, 779 (1999); *Polygram Holding v. FTC,* 416 F.3d 29, 35 (D.C. Cir. 2005)).

consumer class as defined. *See* Compl. ¶ 61 (excluding from the class "any persons who suffered no economic harm as a result of Defendants' conduct").[4]

## B.    Production of Other CHC Information Is Not Unduly Burdensome

Plaintiffs have also refused to provide information related to other CHCs on the basis that the requests are unduly burdensome. Defendants' requests, however, are narrowly tailored, both in terms of timeframe and breadth. Plaintiffs have not tried to substantiate any claim—nor could they—that it would be difficult to retrieve the requested documents and other information. Indeed, the volume of responsive documents in Plaintiffs' possession (or easily available to them in a matter of minutes at their local pharmacies) is unlikely to fill a manila folder.

Indeed, the best evidence that Plaintiffs would face no undue burden (or any burden for that matter) in responding to Defendants' requests is found in one document that Plaintiffs have already produced—but in redacted form. This document, a print-out of Plaintiff Stephanie Cohen's CVS Pharmacy Patient Prescription Record (attached as Exhibit C), may well have information related to other CHCs. Yet Plaintiffs have redacted this document—not on grounds that the redacted material is privileged—but on the basis that it contains information "[n]ot reasonably calculated to lead to discovery of admissible evidence." Plaintiffs' Privilege and Redation Log (Amended) (noting also that the redacted material relates to "other medications") (attached as Exhibit D). Obviously, if the redacted information in this document relates to other CHCs, there would be no burden to Plaintiffs in producing an unredacted version.

---

[4]    Plaintiffs have also refused to produce documents regarding prescriptions for drugs other than CHCs, even though Plaintiffs' potential pattern of buying primarily or only "branded" drugs would also be relevant to whether they would be likely to purchase a generic brand of Ovcon 35. Defendants intend to explore the extent of Plaintiffs' preferences for branded pharmaceuticals in depositions and reserve their rights to move to compel Plaintiffs to produce such additional documents in the future.

## CONCLUSION

For the reasons stated above, Warner Chilcott respectfully requests that this Court compel Plaintiffs to produce the requested documents relating to CHC prescriptions and free samples other than Ovcon 35, *see* Document Requests, Nos. 2, 4, 5, and 9, and answer the limited interrogatories on the same topics.

August 7, 2006

Respectfully submitted,

By: _____/s/ Peter C. Thomas_____

Peter C. Thomas, D.C. Bar # 495928
Andrew M. Lacy, D.C. Bar # 496644

SIMPSON THACHER & BARTLETT LLP
555 11th Street, N.W., Suite 725
Washington, D.C. 20004
(202) 220-7700

*Counsel for Warner Chilcott Defendants*

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE COHEN and SUNDA
CROONQUIST,

individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

WARNER CHILCOTT PUBLIC LIMITED
COMPANY, WARNER CHILCOTT
HOLDINGS COMPANY III, LTD.,
WARNER CHILCOTT CORPORATION,
WARNER CHILCOTT (US) INC.,
WARNER CHILCOTT COMPANY, INC.,
GALEN (CHEMICALS) LTD. and
BARR PHARMACEUTICALS, INC.,

Defendants.

Civil Action No. 1:06-CV-00401-CKK

Judge Colleen Kollar-Kotelly

**DEFENDANT WARNER CHILCOTT'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFFS STEPHANIE COHEN AND SUNDA CROONQUIST**

Pursuant to Federal Rule of Civil Procedure 34, Defendants Warner Chilcott

Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott

Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen

(Chemicals) Ltd. hereby submit their first request for production of documents to Stephanie

Cohen and Sunda Croonquist (collectively "Plaintiffs"). In accordance with Federal Rule of

Civil Procedure 34, each plaintiff shall produce the following documents and things for

inspection within thirty (30) days to the offices of Simpson Thacher & Bartlett LLP, 555 11th

Street, N.W., 7th Floor, Washington, D.C. 20004.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these requests:

1.  "You" and "yours" mean each of the named individual consumer plaintiffs, Stephanie Cohen and Sunda Croonquist, both individually and collectively, and Plaintiffs' dependants, if any.

2.  "Complaint" means the Amended Class Action Complaint filed April 19, 2006.

3.  "Litigation" refers to the above-captioned case.

4.  "Warner Chilcott" means Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd., as well as their current and former parents, subsidiaries, and affiliates.

5.  "Barr" means Barr Pharmaceuticals, Inc., as well as its current and former parents, subsidiaries, and affiliates.

6.  "Third party" or "third parties" means any person or entity other than Barr, Warner Chilcott, or Plaintiffs, including, but not limited to, those persons and entities identified by Plaintiffs in their April 20, 2006 Initial Disclosures, manufacturers, wholesalers, distributors, retailers, state attorneys general offices, formularies, insurers, the Food and Drug Administration, the Federal Trade Commission, third-party payors, physicians, nurses, and other health care providers.

7.  "Combined Hormonal Contraceptive," "CHC," or "CHC product" means any prescription pharmaceutical, including brands and generics, used to prevent pregnancy that contains two synthetic hormones, including, but not limited to, Ovcon 35, oral contraceptives, transdermal patches, vaginal rings, and pills.

2

8.     "Ovcon 35" is an oral contraceptive used to prevent pregnancy that is sold by Warner Chilcott, and is used herein in the same manner as it is used in the Complaint.

9.     "Sample" means a four-week supply of any CHC, including, but not limited to, Ovcon 35, provided at no cost.

10.     "Insurance Plans" means any medical or health insurance plans, including, but not limited to, prescription drug plans.

11.     "Transaction" means the letter of intent between Warner Chilcott and Barr, Warner Chilcott's option to license, and its exercise of the option to license, Barr's Abbreviated New Drug Application ("ANDA") for a generic form of Ovcon 35, and the related supply agreement between Warner Chilcott and Barr, that are the subject of this Litigation.

12.     "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data

3

compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing whether produced or authored by Plaintiffs of anyone else.

13.    "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reflecting, reporting, stating, or summarizing.

14.    "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral, written or electronic information between one or more persons or entities.

15.    "Identify," when used in connection with a person, means the name, address, phone number, and contact information of the person and (a) if such person is a natural person, the person's employer, his or her position and job responsibilities at the relevant time, and his or her current employer and contact information; or (b) if such person is not a natural person, its principal place of business and the identities of all natural persons presently or formerly employed by such person with whom Plaintiffs have had contact. "Identify," when used in connection with documents, means the title of the document, and the document's date, author, recipients, and source. "Identify," when used in connection with a communication or event, means the time, place, manner, and circumstances of the communication or event.

16.    "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

4

17.    Documents requested are those in the actual or constructive possession, custody, or control of Plaintiffs, or anyone acting on behalf of Plaintiffs.

18.    If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

19.    All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or for withholding any responsive document. If you are withholding responsive information pursuant to any general objection, you should so expressly indicate. If, in responding to any request, you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to this request.

20.    You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any response from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document

5

which you have redacted. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction.

21.    If any privilege is claimed as a ground for not producing a document or tangible thing, provide a privilege log describing the basis for the claim of privilege and all information necessary for Defendants and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). Separately, for each document and attachment withheld or redacted, the log shall include the following: (a) specific grounds for the claim of privilege; (b) the title of the document or attachment; (c) the date of the document or attachment; (d) the author of the document or attachment; (e) the addressees and recipients of the document or attachment or any copy thereof (including persons "cc'd," "bcc'd" or "blind cc'd"); (f) a description of the subject matter of the document or attachment in sufficient detail to assess the claim of privilege; (g) the bates range or page length of the document or attachment; and (h) the requests to which the document or attachment are responsive. Any attachment to an allegedly privileged document shall be produced unless the attachment is also subject to a claim of privilege and the basis for such claim is described in a privilege log.

22.    This request covers all documents in your possession, custody or control. If documents responsive to any request were, but are no longer, in your possession or subject to your control, or in existence, describe the document, including its date, author(s), recipient(s) and contents, and state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been disposed of in some other manner. If such a document was transferred to others or destroyed, identify the person who directed that such documents be transferred or destroyed, state the reason for such transfer or destruction, and, if transferred, identify the person to whom such document was transferred.

6

23.    Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

    a.    Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the request more inclusive;

    b.    Construing the singular form of any word to include the plural and the plural form to include the singular;

    c.    Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

    d.    Construing the masculine form to include the feminine form;

    e.    Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

    f.    Construing negative terms to include the positive and vice-versa; and

    g.    Construing "include" or "including" to mean include or including "without limitation."

24.    These requests are continuing in nature, and you must supplement your responses pursuant to Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

1.    All documents relating to your prescription for Ovcon 35 and/or your purchase of Ovcon 35, including all prescriptions, invoices, bills, canceled checks, receipts, discounts, rebates, or coupons.

2.    All documents relating to your prescription for any CHC other than Ovcon 35 and/or your purchase of such CHC, including all prescriptions, invoices, bills, canceled checks, receipts, discounts, rebates, or coupons.

3.    All documents relating to your receipt of any Ovcon 35 Sample.

4.    All documents relating to your receipt of any CHC Sample other than Ovcon 35.

7

5.      All documents received in conjunction with any physician visit, prescription, or Sample related to any CHC including any starter kits, goods, informational or instructional pamphlets, reminder cards, booklets, and leaflets.

6.      Complete copies of all Insurance Plans under which you have been covered, reimbursed, or received benefits from January 1, 2000 through the present date for any CHC, including all policies, endorsements, exclusions, amendments, benefit booklets, explanations of benefits, and all other documents relating to such Insurance Plans.

7.      All documents sufficient to show the benefits available under the Insurance Plans identified above from January 1, 2000 through the present date for any CHC, including: (a) the amount of coverage, formulary status, and suggested alternatives for each CHC; (b) whether coverage differed for brand name or generic CHCs; (c) any co-payment or deductible associated with a brand name or generic CHC; and (d) whether benefits are incurred automatically at the time of prescription purchase or whether a claim for reimbursement to the plan is required after a prescription purchase.

8.      Copies of all insurance claims or claims for reimbursements for Ovcon 35, and all documents relating to such claims.

9.      Copies of all insurance claims or claims for reimbursements for any CHC other than Ovcon 35, and all documents relating to such claims.

10.     All documents relating to any instance from January 1, 2000 through the present date in which you have purchased a prescription generic pharmaceutical or medication, and all documents relating to any instance in which you have purchased a prescription brand name pharmaceutical or medication.

11.     All communications you have had with any person or entity relating to your purchase, consumption, receipt, and/or reimbursement of Ovcon 35.

8

12.     All communications you have had with any person or entity relating to your purchase, consumption, receipt, and/or reimbursement of any CHC other than Ovcon 35.

13.     All documents relating to public presentations at which you, your attorneys, or your representatives have discussed Ovcon 35 (including press conferences, lawyer conventions, and media interviews).

14.     All documents you have prepared or received (whether for this case or any other) relating to Ovcon 35.

15.     All documents relating to damages you claim to have suffered, including calculations of the total amount of damages claimed and how such damages were calculated.

16.     All sworn testimony given by you in any litigation you have had any involvement with during your lifetime.

17.     All documents relating to the circumstances of your participation in this lawsuit, including any manner of payment or compensation you have received or expect to receive as a result of your participation in this lawsuit.

18.     Copies of all agreements relating to:  (a) fees, costs, or expenses; (b) rights to share in a potential recovery; and (c) fee-sharing in this action with any other person not a member of Plaintiffs' counsel's firm.

19.     All documents relating to your association with, or participation in, any of the following entities:  (a) Vista HealthPlan, Inc.; and/or (b) United Food and Commercial Workers Central Pennsylvania Health and Welfare Fund.

20.     All documents Plaintiffs intend to use in support of the allegations in their Complaint.

May 18, 2006                          Respectfully submitted,


                                      /s/ Peter Thomas
                                      _____
                                      Peter C. Thomas (D.C. Bar # 495928)
                                      SIMPSON THACHER & BARTLETT LLP
                                      555 11th Street, N.W., 7th Floor
                                      Washington, D.C. 20004
                                      (202) 220-7700
                                      (202) 220-7702 (fax)

                                      Charles E. Koob, *pro hac vice*
                                      SIMPSON THACHER & BARTLETT LLP
                                      425 Lexington Avenue
                                      New York, New York 10017
                                      (212) 455-2000
                                      (212) 455-2502 (fax)

                                      *Counsel for Warner Chilcott Defendants*

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE COHEN
and
SUNDA CROONQUIST,
individually and on behalf of all others
similarly situated,
　　　　　　Plaintiffs,

v.

WARNER CHILCOTT PUBLIC LIMITED
COMPANY; WARNER CHILCOTT
HOLDINGS COMPANY III, LTD.;
WARNER CHILCOTT CORPORATION;
WARNER CHILCOTT (US) INC.;
WARNER CHILCOTT COMPANY, INC.;
GALEN (CHEMICALS), LTD.;
　　　and
BARR PHARMACEUTICALS, INC.,
　　　　　　Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

JURY TRIAL DEMANDED

1:06-cv-00401-CKK

Judge Colleen Kollar-Kotelly

## CONSUMER CLASS PLAINTIFFS' OBJECTIONS AND RESPONSES TO WARNER CHILCOTT DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, Stephanie Cohen and Sunda Croonquist, hereby respond

pursuant to Rule 34 of the Federal Rules of Civil Procedure to Warner Chilcott

Defendants' First Request for Production of Documents to Plaintiffs Stephanie

Cohen and Sunda Croonquist ("Defendants' First Request").

## GENERAL OBJECTIONS

The following general objections apply to each of the document requests

propounded by Defendants and, unless otherwise stated, shall have the same

force and effect as if set forth in full in response to each of the separate

numbered document requests in Defendants' First Request.

1.      Plaintiffs object to all instructions, definitions, and document requests to the extent that they call for Plaintiffs to do more than is required under the Federal Rules of Civil Procedure, the Local Civil Rules of this Court (the "Local Rules"), or the Case Management Order entered by this Court.

2.      Plaintiffs object to each document request to the extent that it purports to require Plaintiffs to seek documents in the possession of other persons or entities or to create documents not presently in the possession, custody, or control of Plaintiffs. Plaintiffs will produce documents only to the extent that they are in the possession, custody, or control of Plaintiffs.

3.      Plaintiffs object to each document request to the extent that it seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to each document request to the extent that it is unreasonably cumulative or duplicative.

5.      Plaintiffs object to each document request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production. These documents will not be produced.

6.      Plaintiffs reserve all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by Plaintiffs that such material or the information contained therein is relevant to this action or admissible in evidence.

7.     Inadvertent production of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of Plaintiffs' right to object to the use of such material during any later proceeding or otherwise seek return of the material.

8.     Plaintiffs reserve the right to supplement or amend these responses.

9.     The failure of Plaintiffs to make a specific objection to a particular, individual request is not, and shall not be construed as, an admission that responsive information exists.  Likewise, any statement herein that Plaintiffs will produce any documents in response to an individual request does not mean that Plaintiffs in fact have any such documents, or that any such document exists, or that Plaintiffs will search all files maintained by any person, but instead reflects the intention of Plaintiffs, subject to its objections, to conduct a reasonable search for responsive documents in files maintained by or on behalf of those persons who are believed to have had significant involvement in the transactions at issue.

10.     Plaintiffs object to each document request to the extent that it requests information that is in the public domain and is therefore equally available to all parties.  Plaintiffs will produce documents only to the extent such information or materials are in the possession, custody, or control of Plaintiffs.

11.     Plaintiffs object to Definition 1 of "you" and "yours" as overly broad and unduly burdensome.

3

12.    Plaintiffs object to Definition 7 of "Combined Hormonal Contraceptive," "CHC," or "CHC product" as vague, overly broad, and unduly burdensome.

13.    Plaintiffs object to Instructions 17 through 24 as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Case Management Order.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

### RESPONSE TO REQUEST NO. 1.

Plaintiffs object to this Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

### RESPONSE TO REQUEST NO. 2.

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

### RESPONSE TO REQUEST NO. 3.

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the

General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 4.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 5.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 6.**

Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 7.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible

5

evidence. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 8.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 9.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 10.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 11.**

Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of

6

any party and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this Request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 12.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this Request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production.

**RESPONSE TO REQUEST NO. 13.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

7

**RESPONSE TO REQUEST NO. 14.**

Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this Request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 15.**

Plaintiffs object to this Request on the grounds that it is premature, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this Request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production. Finally, this Request is beyond the scope of the Case Management Order. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

8

**RESPONSE TO REQUEST NO. 16.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 17.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this Request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

**RESPONSE TO REQUEST NO. 18.**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this Request to the extent that it seeks information covered by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from production. Subject to and without waiving these specific objections and the General

9

Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

## RESPONSE TO REQUEST NO. 19.

Plaintiffs object to this Request on the grounds that it is overly broad, seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections set forth above, Plaintiffs will produce non-privileged responsive documents, if any, at a mutually convenient time and location.

## RESPONSE TO REQUEST NO. 20.

Plaintiffs object to this Request on the grounds that it is premature and discovery is ongoing. Plaintiffs' will provide all documents they intend to use to support the allegations in their Complaint pursuant to the Rules of Civil Procedure.


Date:  June 20, 2006

Respectfully submitted,

**LAW OFFICES OF ROBERT W. SINK**


/s/ Robert W. Sink
Robert W. Sink, Esquire
*Pro Hac Vice*
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:   610-566-0800
Fax:   610-566-4408

John M. Mason, Esquire
DC Bar ID#: 193268
Of Counsel
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:   610-566-0800
Fax:   610-566-4408

***Attorneys for Plaintiffs,***
***Stephanie Cohen and***
***Sunda Croonquist***

11

**Exhibit C Filed Under Seal**

**Exhibit D**

*Cohen, et al. v. Warner Chilcott Public Limited Company, et al.*

## Privilege and Redaction Log (Amended)

| Nature of Documents | Author | Recipients (Including cc & bcc) | Description | Privilege Claimed |
|---|---|---|---|---|
| Written correspondence between Robert W. Sink, Esquire and Stephanie Cohen | Robert W. Sink, Esquire | Stephanie Cohen | Correspondence from attorney to client regarding Ovcon litigation | Attorney-Client Privilege |
| Written correspondence between Robert W. Sink, Esquire and Stephanie Cohen | Stephanie Cohen | Robert W. Sink, Esquire | Correspondence from client to attorney regarding Ovcon litigation | Attorney-Client Privilege |
| Written correspondence between Robert W. Sink, Esquire and Sunda Croonquist | Robert W. Sink, Esquire | Sunda Croonquist | Correspondence from attorney to client regarding Ovcon litigation | Attorney-Client Privilege |
| Written correspondence between Robert W. Sink, Esquire and Sunda Croonquist | Sunda Croonquist | Robert W. Sink, Esquire | Correspondence from client to attorney regarding Ovcon litigation | Attorney-Client Privilege |
| Cohen responses to Request for Production of Documents, pp. 2-6 | CVS Pharmacy | N/A | Patient Prescription Record | Redacted - other medications. Not reasonably calculated to lead to discovery of admissible evidence |