UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE COHEN<br>and<br>SUNDA CROONQUIST,<br>individually and on behalf of all others<br>similarly situated,<br>　　　Plaintiffs,<br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED<br>COMPANY; WARNER CHILCOTT<br>HOLDINGS COMPANY III, LTD.;<br>WARNER CHILCOTT CORPORATION;<br>WARNER CHILCOTT (US) INC.;<br>WARNER CHILCOTT COMPANY, INC.;<br>GALEN (CHEMICALS), LTD.;<br>and<br>BARR PHARMACEUTICALS, INC.,<br>　　　Defendants. | **JURY TRIAL DEMANDED**<br><br>1:06-cv-00401-CKK<br><br>Judge Colleen Kollar-Kotelly |

**CONSUMER PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO WARNER CHILCOTT DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Consumer Plaintiffs hereby respond to Warner Chilcott Defendants' Motion to Compel the Production of Documents as follows:

I. **ARGUMENT**

Defendants' argument that information about other CHCs and samples prescribed to Plaintiffs is "directly relevant to the central issues of this case" is baseless. First, Defendants' argument that information about other CHCs prescribed to Plaintiffs is relevant to the "*issue*" of market definition is completely misguided. This case is ***solely*** about an illegal agreement between Defendants to keep generic Ovcon off the market. Indeed, Defendants must admit that Barr is the only other company approved to market generic Ovcon. Also, it is beyond

dispute that an AB-rated generic is the only drug that a pharmacist may substitute for a branded drug.[1]  Moreover, it is well established that generic prices are cheaper than their branded counterparts.  Accordingly, information relating to other CHCs prescribed to Plaintiffs has no relevance to the central issue in this case, *i.e.*, whether Defendants' agreement illegally suppressed the sale of generic Ovcon.  In *Neumann v. Vidal,* 1981 WL 2205 (D.D.C.) this Court looked to the Supreme Court to determine what constitutes relevant discovery:

> The Supreme Court has noted that the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy and inexpensive determination of every action."  To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ."  Rule 26(c).  With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process."  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).
>
> It is the trial court's duty to shape litigation, to peel away the nonessentials, "and to mold [the controversy] into such form as will make it possible to dispose of the contest properly with the least possible waste of time and expense." (alteration in original)(citation omitted),

*Id.*

Here, there is no legitimate excuse for Defendants to seek information about other CHCs when this case is only about suppression of generic Ovcon.  Indeed, the only apparent purpose for Defendant's inquiry is to embarrass and annoy Class Representatives in hopes of discouraging them from prosecuting their case.

---

[1] Defendants' argument that the relevant market includes "65 other CHC products" ignores the well settled fact that a consumer cannot substitute any drug for their prescription other than an AB-rated generic.  Moreover, physicians are required to prescribe the drug that is most indicated for the patients' physiology and symptoms.

The test for discoverable information is whether the discovery appears reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). Information about a class representative's use of another birth control pill in the past is irrelevant to the issue of whether generic Ovcon was illegally suppressed in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Anton v. Prospect Café Milano*, 233 F.R.D. 216, 218 (D.D.C. 2006) ("Put another way, '[a] showing of relevance can be viewed as a showing of need[, as] for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not relevant to the subject matter involved in the pending action.") (alteration in original) (internal citations omitted). Accordingly, Defendants' motion to compel information regarding other CHCs prescribed to Plaintiffs must be denied.

Similarly, Defendants' argument that information about other CHCs prescribed to Plaintiffs is relevant to the issue of claimed injury is baseless. Specifically, Defendants' argument that information about other CHCs prescribed to Plaintiffs is "relevant to whether they would purchased a generic Ovcon 35 if one were in fact available" is also misguided. In this case, the Class Representative Plaintiffs are alleging that they would have purchased generic Ovcon if it were available.[2] Moreover, evidence of other acts is not admissible to show action in conformity therewith. *See* F.R.E. 404(b). Accordingly, information about other CHCs, as well as any other drugs, prescribed to Plaintiffs does not have any relevance to Plaintiffs' injury. Simply stated, Defendants' discovery

---

[2] Plaintiff, Stephanie Cohen, already testified to this effect at her deposition on August 16, 2006. Plaintiff, Sunda Croonquist, is also expected to testify to this effect at her deposition scheduled for August 24, 2006.

3

requests regarding other CHCs prescribed to Plaintiffs are without any legitimate purpose, and are not reasonably calculated to lead to the discovery of admissible evidence.[3]

## II. CONCLUSION

For the foregoing reasons, Defendants' motion to compel production of documents relating to other CHCs, as well as other drugs, prescribed to Plaintiffs must be denied.

Dated: August 18, 2006

Respectfully submitted,

/s/ John M. Mason
John M. Mason, Esquire
DC Bar ID#: 193268
Of Counsel
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:   610-566-0800
Fax:   610-566-4408

Robert W. Sink, Esquire
*Pro Hac Vice*
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:   610-566-0800
Fax:   610-566-4408

***Attorneys for Plaintiffs***

---

[3] Although Defendants initially assert that information regarding samples is also relevant, they make no mention of this in their Argument. Accordingly, this request appears to be abandoned. In any event, discovery into samples should be denied for the same reasons supporting the denial with respect to the requested information regarding other CHCs.