### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated,

                 Plaintiffs,

       v.

WARNER CHILCOTT PUBLIC LIMITED CO., WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,

                 Defendants.

Civil Action No. 1:06CV00401

Judge Colleen Kollar-Kotelly

### DEFENDANT WARNER CHILCOTT'S REPLY
### MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
### FROM INDIRECT PURCHASER CONSUMER PLAINTIFFS

Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals) Ltd. ("Warner Chilcott" or "Defendants") submit this reply memorandum of law in further support of Defendants' motion to compel indirect purchaser consumer Plaintiffs Stephanie Cohen and Sunda Croonquist ("Plaintiffs" or "Consumer Plaintiffs") to produce documents and answer interrogatories relating to prescriptions and free samples of Combined Hormonal Contraceptive ("CHCs") Products other than Ovcon 35.

**INTRODUCTION**

Defendants seek to compel the Consumer Plaintiffs and putative class representatives to produce information plainly relevant to market definition, as well as alleged anticompetitive harm, injury causation, and fact of injury, among other issues in this case. Lacking any substantive arguments that information related to other CHC prescriptions and samples is irrelevant to the claims and defenses in this litigation, much less undiscoverable, the Consumer Plaintiffs fall back on nothing more than generalized and unsupported assertions that Defendants' relevance arguments are "baseless" and "misguided." Pls. Opp. at 3.  Plaintiffs' conclusory statements should be rejected, and the Court should order Plaintiffs to produce the requested information forthwith.

What is more, the Consumer Plaintiffs, having forced Defendants to bring this motion because of their own failure to comply with their discovery obligations in a timely manner, now seek to take advantage of the pendency of the motion to withhold other discovery, despite the tight schedule, including Defendants' need to respond to class certification motions by the end of September.  Although they agreed weeks ago to produce proposed class representative Sunda Croonquist for a deposition this Thursday, August 24th, and to reopen her deposition should Defendants prevail on this motion, just days ago Plaintiffs unilaterally postponed Ms. Croonquist's deposition until this motion was decided.

Plaintiffs' tactics are the definition of a *run-around*.  Plaintiffs are playing games with Defendants and with this Court by refusing to produce clearly responsive information (indeed, Ms. Croonquist did not, despite Defendants' repeated demands, produce a scrap of paper until August 18th—three months after Defendants served their discovery requests),

improperly redacting documents on grounds other than privilege, and unilaterally postponing

depositions. Plaintiffs' tactics highlight the urgent need for Defendants' requested relief.

## ARGUMENT

Defendants established in their opening brief that information related to other

CHCs is directly relevant to market definition and Plaintiffs' claims of anticompetitive harm,

injury causation, and fact of injury. First, Plaintiffs do not, and cannot, cite to any authority to

support the notion that market definition is not relevant to the antitrust issues raised in this case

by Plaintiffs themselves. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993)

("[W]ithout a definition of the market there is no way to measure the defendants' ability to lessen

or destroy competition."). Plaintiffs cannot dispute that this Court must evaluate whether other

CHCs are reasonably interchangeable with Ovcon 35 to determine whether Ovcon 35 in fact

competes with other CHCs. *See, e.g., FTC v. Arch Coal, Inc.*, 329 F. Supp. 2d 109, 119 (D.D.C.

2004). Plaintiffs' apparent argument that market definition is not an issue in this case is solely

based on Plaintiffs' own narrow view of this litigation and is belied by the market definition

alleged by Plaintiffs themselves. [1] *See* Am. Compl. ¶ 80 (market definition is limited to "Ovcon

and its AB-rated generic equivalents."). Defendants are entitled to discovery as to whether

---

[1]    The cases cited in Plaintiffs' opposition are unavailing and, instead, support Defendants'
position. *See Anton v. Prospect Café Milano, Inc.*, 233 F.R.D. 216, 218 (D.D.C. 2006)
(finding that although the evidence subject to a motion to compel was relevant, it was not
compelled due to the witness' Fifth Amendment right against self-incrimination);
*Neumann v. Vidal*, No. 81-0459, 1981 WL 2205, at *2 (D.D.C. Jun. 17, 1981) (granting
plaintiff's motion to compel answers to all its interrogatories on the basis of relevance,
the district court stayed defendants' obligation to respond to some, but not all, of the
interrogatories pending outcome of a summary judgment motion).

Plaintiffs have used other substitutes for Ovcon to establish that the market is not as narrow as Plaintiffs allege.

Similarly, Plaintiffs' conclusory assertions that information relating to other CHCs is not relevant to Plaintiffs' claims of injury causation and fact of injury are unavailing. Plaintiffs simply argue that the Representative Plaintiffs "would have purchased generic Ovcon if it were available," as if Plaintiffs' allegations definitively resolve the scope of what is relevant.[2] Pls. Opp. at 3. Plaintiffs' "say so," however, is not dispositive. Defendants are entitled to discovery to establish that Plaintiffs are unlikely to have switched to a generic version of Ovcon in the absence of the challenged agreements. Denying Defendants such discovery would allow Plaintiffs to get away with self-serving assertions regarding what Plaintiffs would or would not do in the "but for" world.

Finally, Defendants need urgent relief from Plaintiffs' refusal to produce such highly relevant discovery. Plaintiffs' strategy of delay and avoidance of their discovery obligations highlight the urgency of Defendants' requested relief. Until Friday, August 18th, Plaintiffs had failed to produce *a single piece of paper* on behalf of proposed class representative Sunda Croonquist, despite the fact that Defendants' documents requests were served over three

---

[2]    Plaintiffs' citation to Fed. R. Ev. 404(b), "Character Evidence not Admissible to Prove Conduct," is inapposite and wholly misleading. Plaintiffs cite to Rule 404(b) for the proposition that "evidence of other acts is not admissible to show action in conformity therewith." Pls. Opp. at 3. Plaintiffs' reference to Rule 404(b) is inaccurate. Rule 404(b) reads as follows: "Evidence of other crimes, wrongs, or acts is not admissible to *prove the character of a person* in order to show action in conformity therewith." Fed. R. Ev. 404(b) (emphasis added). Of course, Defendants do not seek information regarding other CHCs to reveal evidence about the character of the Plaintiffs. Rather, information regarding Plaintiffs' CHC prescription histories would indicate if Plaintiffs are brand-loyal and whether they would purchase a generic if one were available—evidence that is directly relevant to issues Plaintiffs raise in their Complaint.

months ago.[3]  Moreover, Plaintiffs did not produce documents in their original form, but *again*

redacted information without explanation, presumably on purported relevance grounds.[4]  Then,

to make matters worse, on August 21st, Plaintiffs declared that Ms. Croonquist's deposition,

which was scheduled to occur only three days later (August 24th), would be postponed

indefinitely—using the pendency of this motion as the *excuse* by which to refuse further

discovery to Defendants.[5]  Plaintiffs' unilateral decision to postpone this deposition was made

despite Plaintiffs' earlier commitment, in light of the compressed schedule for briefing class

certification, to go forward with Ms. Croonquist's deposition and reopen the deposition should

Defendants prevail on this motion to compel.[6]

---

[3]     Defendants served their First Request for Production of Documents to Plaintiffs on May 18, 2006.

[4]     As discussed in Defendants' opening brief, Plaintiffs had previously produced redacted portions of plaintiff Stephanie Cohen's pharmacy records.  Realizing that some of Ms. Cohen's records had been redacted, but others had not, at Ms. Cohen's deposition, Plaintiffs counsel produced an unredacted version of Ms. Cohen's pharmacy records.  Plaintiffs' counsel also stated that he would allow Ms. Cohen to answer questions regarding other CHCs.  Then inexplicably, Plaintiffs' counsel produced Ms. Croonquist's pharmacy records in redacted form.  Moreover, at her deposition, Ms. Cohen testified that the pharmacy records produced to Defendants were incomplete, admitting that there was a three year gap in her pharmacy records.  Plaintiffs' counsel also stated at Ms. Cohen's deposition that he was in possession of other documents responsive to Defendants' requests.  To this day, Plaintiffs have *still failed* to produce any of these missing documents.

[5]     *See* Aug. 21, 2006 Letter from Robert W. Sink to Tiffany A. Liston, attached as Exhibit A.  Defendants objected to Plaintiffs' unilateral decision to postpone this deposition.  *See* Aug. 21, 2006 Letter from Tiffany A. Liston to Robert W. Sink, attached as Exhibit B.

[6]     *See* Aug. 2, 2006 Letter from Tiffany A. Liston to Robert W. Sink, attached as Exhibit C.  It was not until August 21st (two weeks after Defendants filed their motion to compel and just three days before Ms. Croonquist's scheduled deposition date), that Plaintiffs disputed the understanding set forth in this letter, that depositions of the proposed class representatives would go forward despite the pendency of this motion.

With Defendants' deadline fast approaching for class certification opposition briefing (September 29th), the Consumer Plaintiffs must not be allowed to shirk their most basic discovery obligations.  Relief from Plaintiffs' delay tactics is urgently needed to allow Defendants fairly and properly to brief class certification issues under the compressed schedule in this case.

## CONCLUSION

For the reasons stated above, Warner Chilcott respectfully requests that this Court compel Plaintiffs to produce documents relating to CHC prescriptions and free samples other than Ovcon 35 sought by Document Requests, Nos. 2, 4, 5, and 9, and answer the limited interrogatories on the same topics.


Date: August 23, 2006                    Respectfully submitted,


                                          /s/ Peter C. Thomas
                                          Peter C. Thomas (D.C. Bar # 495928)
                                          Andrew M. Lacy, D.C. Bar # 496644
                                          SIMPSON THACHER & BARTLETT LLP
                                          555 11th Street, N.W.
                                          Suite 725
                                          Washington, D.C. 20004
                                          (202) 220-7700
                                          (202) 270-7702 (fax)

                                          Tiffany A. Liston, *pro hac vice*
                                          SIMPSON THACHER & BARTLETT LLP
                                          425 Lexington Avenue
                                          New York, New York 10017-3954
                                          (212) 455-2000
                                          (212) 455-2502 (fax)

                                          *Counsel for Warner Chilcott Defendants*