UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHANIE COHEN | : | |
| and | : | |
| SUNDA CROONQUIST, | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| WARNER CHILCOTT PUBLIC LIMITED | : | |
| COMPANY; WARNER CHILCOTT | : | **1:06-cv-00401-CKK** |
| HOLDINGS COMPANY III, LTD.; | : | |
| WARNER CHILCOTT CORPORATION; | : | **Judge Colleen Kollar-Kotelly** |
| WARNER CHILCOTT (US) INC.; | : | |
| WARNER CHILCOTT COMPANY, INC.; | : | **Electronically Filed** |
| GALEN (CHEMICALS), LTD.; | : | |
| and | : | |
| BARR PHARMACEUTICALS, INC., | : | |
| Defendants. | : | |

SUR REPLY MEMORANDUM OF LAW
IN SUPPORT OF CONSUMER PLAINTIFFS' MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Consumer Plaintiffs hereby respond to Warner Chilcott Defendants' Reply

Memorandum of Law in Support of its Motion to Compel the Production of

Documents as follows:

I.    **BACKGROUND AND ARGUMENT**

Initially, Counsel for Consumer Plaintiffs feel obligated to correct the

misstatements made to this Court by counsel for Defendants in their reply brief.

On June 20, 2006, Consumer Plaintiffs Stephanie Cohen and Sunda Croonquist

timely served upon Defendants their answers and objections to Defendants'

interrogatories and request for production of documents.  On June 28, 2006,

Consumer Plaintiffs produced all non-privileged documents in their possession to

Defendants.  Information concerning other drugs was properly objected to and redacted from the responsive documents, which is the subject of Defendants' motion to compel presently before the Court.  At the time Consumer Plaintiffs produced documents to Defendants, *i.e.* June 28, 2006, Ms. Croonquist had no responsive non-privileged documents in her possession.  However, one week earlier, on June 20, 2006, Ms. Croonquist identified the names and addresses of the pharmacies where she had her prescriptions filled in her answers to interrogatories.  Moreover, although not required to do so, Ms. Croonquist and her counsel have made good faith efforts to obtain Ms. Croonquist's records from those pharmacies, and then produced those additional documents to Defendants (again redacting the objectionable requests regarding other drugs).  Although Consumer Plaintiffs properly objected to Defendants requests on June 20, 2006 (and provided Ms. Cohen's records with redactions of other drugs on June 28, 2006), Defendants delayed until August 7, 2006 to file their motion to compel. Indeed, Consumer Plaintiffs have even assisted Defendants in obtaining information not in Consumer Plaintiffs' possession that is equally available to either party.  Any time pressure that Defendants now complain of was created solely by Defendants.

Additionally, though not the subject of this motion, Defendants complain that Consumer Plaintiffs canceled Ms. Croonquist's deposition in Los Angeles until after this issue has been decided.  Defense counsel made material misstatements during discussions about a second deposition for Ms. Croonquist which caused counsel for Consumer Plaintiffs to cancel her deposition to avoid

the potential of the parties of having to travel to Los Angeles for a second lengthy deposition.[1]  (See Letters from Robert W. Sink to Tiffany A. Liston dated August 21, 2006 and August 22, 2006, attached hereto as Exhibits 1 & 2).

Focusing back upon the issue before the Court, Defendant's reply brief provided no new basis to compel production of documents concerning other drugs.  Defendants' argument that they need information on other drugs because "this Court must evaluate whether other CHCs are reasonably interchangeable with Ovcon 35" ignores the simple undisputable fact that there presently exists no drug (branded or generic) that can be substituted for a prescription for Ovcon 35. Moreover, Defendants' argument that they need information about other drugs to determine whether Plaintiffs are brand-loyal, despite testimony that they would have purchased generic Ovcon if available[2], ignores the requirements of F.R.E. 404(b).  Certainly, the characteristic of being loyal, be it brand-loyal or otherwise, is a character trait.  Evidence of other acts, which Defendants seek here, clearly is inadmissible to show action in conformity therewith.  *Id.*  For the foregoing reasons, Defendants motion to compel must be denied.

---

[1] Defendants are aware that Stephanie Cohen never took another CHC and that Sunda Croonquist does not possess any documents relating to other CHCs.
[2] Plaintiff, Stephanie Cohen, already testified to this effect at her deposition on August 16, 2006. Plaintiff, Sunda Croonquist, is also expected to testify to this effect.

II.    **CONCLUSION**

For the foregoing reasons, Defendants' motion to compel production of documents and answers to interrogatories relating to other CHCs, as well as other drugs, prescribed to Plaintiffs must be denied.

Dated:  August 24, 2006

Respectfully submitted,


/s/ John M. Mason
John M. Mason, Esquire
DC Bar ID#: 193268
Of Counsel
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:    610-566-0800
Fax:   610-566-4408

Robert W. Sink, Esquire
*Pro Hac Vice*
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:    610-566-0800
Fax:   610-566-4408

***Attorneys for Plaintiffs***

**EXHIBIT 1**

# RWS

### LAW OFFICES OF
# ROBERT W. SINK

Robert W. Sink*†

*Member PA Bar

†LL.M. in Trial Advocacy

**319 West Front Street**
**Media, PA 19063**
**Telephone: 610-566-0800**
**Facsimile: 610-566-4408**

August 21, 2006

## VIA FACSIMILE AND ELECTRONIC SERVICE

Tiffany A. Liston, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

> **Re:** *Cohen v. Warner Chilcott Public Limited Company, et al.*

Dear Ms. Liston:

I am in receipt of your letter dated today refusing to postpone Ms. Croonquist's deposition in Los Angeles. Your letter is inaccurate, and your position is unreasonable.

First, after Ms. Cohen's deposition in New York last week, you stated that you might not be able to go forward with Ms. Croonquist's deposition since you did not have all of your requested documentation, which is the subject of a discovery motion.

Second, with respect to scheduling of follow-up depositions, those discussions were based on your representation that your motion to compel was with regard to documents concerning other CHCs only. In your motion, however, in addition to requesting information about other CHCs, you indicated that you intended to question the witness about *all other prescription drugs* at her deposition. (Defts.' motion to compel, p. 5, fn. 4). This mischaracterization was dramatic, since, as you already know, Ms. Cohen never took another CHC, and we have no documentation about other CHCs taken by Ms. Croonquist. Indeed, based upon your line of questioning at Ms. Cohen's deposition in New York last week, questions about other prescriptions constitutes a bulk of your inquiry. Accordingly, it is wholly unreasonable to travel cross-country to Los Angeles until the Court rules on the motion to compel. Moreover, no written stipulation was entered into between the parties to permit a second deposition of Ms. Croonquist pursuant to F.R.C.P. 30(a)(2)(B).[1]

Third, your contention that there would be no need to re-open Ms. Croonquist's deposition if only she would turn over the objectionable documents ignores the fact that there is a discovery motion about this very issue pending before the Court, and militates toward continuing the deposition until after the motion is decided. It would be unduly

---

[1]     Certainly, unilateral correspondence from you based on your misrepresentations does not constitute a written stipulation of the parties.

Tiffany A. Liston
Page 2


burdensome and costly for all parties involved to travel to Los Angeles, only to face the potential that we must return to Los Angeles to re-open the deposition after the Court's ruling.  Accordingly, we will not produce Ms. Croonquist for her deposition until the Court rules upon the motion to compel.

Very truly yours,

ROBERT W. SINK

RWS/mm
Enclosures
cc:     Contact attorneys (w/o enclosures via http://ovcon.securedealroom.com)

**EXHIBIT 2**

**LAW OFFICES OF**

# ROBERT W. SINK

---

Robert W. Sink*†

*Member PA Bar

†LL.M. in Trial Advocacy

**319 West Front Street**
**Media, PA 19063**
**Telephone: 610-566-0800**
**Facsimile: 610-566-4408**

August 22, 2006

## VIA FACSIMILE AND ELECTRONIC SERVICE

Tiffany A. Liston, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

> **Re:** ***Cohen v. Warner Chilcott Public Limited Company, et al.***

Dear Ms. Liston:

Your repeated letters re-stating your unreasonable position opposing the postponement of Ms. Croonquist's deposition are immature and counterproductive.

Indeed, your admonition that you are going to fly to California knowing that the deposition has been canceled, and then are going to seek travel costs, underscores the unreasonableness of your overall position. If you elect to fly to California knowing full well that the deposition has been canceled, I find it highly unlikely that the Court would award you travel costs for such an absurd act.

With regard to your self-serving representations, I am not going to engage in a "battle of letters" with you. During our discussions regarding follow-up depositions, you plainly stated that your contemplated motion to compel only concerned other CHCs. In your motion, however, hidden in a footnote, you also added that you intended to seek information concerning all other prescriptions. The fact that you attempted to slip this in as a footnote is telling of your true conversation with me. Evidently, your recollection of your statement on August 16th that you might not go forward with Ms. Croonquist's deposition on August 24th is equally flawed.

Regardless, for the third time now, and for the reasons stated in my prior two letters, we are not going to produce Ms. Croonquist for two depositions in Los Angeles. As I stated before, we will produce Ms. Croonquist for her deposition at a mutually

Tiffany A. Liston
Page 2


convenient time following Judge Kollar-Kotelly's ruing on the motion to compel.  Please be guided accordingly.

Very truly yours,

ROBERT W. SINK

RWS/mm
cc:    Contact attorneys (w/o enclosures via http://ovcon.securedealroom.com)