IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED CO., WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 1:06CV00401<br><br>Judge Colleen Kollar-Kotelly |

**DEFENDANT WARNER CHILCOTT'S
MEMORANDUM OF LAW IN OPPOSITION TO INDIRECT PURCHASER
CONSUMER PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR REPLY
MEMORANDUM OF LAW IN SUPPORT OF CONSUMER PLAINTIFFS'
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals) Ltd. ("Warner Chilcott" or "Defendants") hereby oppose the indirect purchaser consumer Plaintiffs Stephanie Cohen and Sunda Croonquist ("Plaintiffs" or "Consumer Plaintiffs") motion for leave to file a sur reply.

Plaintiffs seek leave of this Court to file a four page sur reply that professes to correct "misstatements" made in Defendants' reply memorandum in support of their motion to compel the production of documents. In fact, only two pages of Plaintiffs' sur reply are devoted to correcting Defendants' "misstatements"—yet nowhere do Plaintiffs identify any misstatement in Defendants' reply memorandum. Instead, Plaintiffs' sur reply acknowledges that plaintiff Sunda Croonquist did not produce a single scrap of paper for three months.

Moreover, it is Plaintiffs' sur reply that makes a gross misstatement. Plaintiffs falsely claim that their June 20, 2006 responses to Defendants' interrogatories "identified the names and addresses of the pharmacies where [Ms. Croonquist] had her prescriptions filled." Pls.' Sur Reply at 2. To the contrary, Plaintiffs' interrogatory response *flatly objected* to providing this information, and Plaintiffs have *never provided* this information to Defendants. *See* Consumer Class Plaintiffs' Objections and Responses to Warner Chilcott Defendants' First Interrogatories, Response to Interrogatory 3 (Attached as Exhibit A).[1] Plaintiffs' misrepresentation to the Court is but one more example of the discovery run around in which Plaintiffs have engaged.

As to the balance of Plaintiffs' sur reply, it is an inappropriate attempt to reargue the issues fully briefed and before the Court on Defendants' motion to compel. At bottom, Plaintiffs are asking the Court to make what is, in effect, an *in limine* ruling at the discovery stage. Defendants have filed this immediate opposition in order to quickly conclude the briefing on Defendants' motion to compel—that Plaintiffs have tried to extend improperly with their sur reply—so that the Court may expeditiously rule on Defendants' motion to compel, as the

---

[1] For reference, Defendants have also attached their interrogatory requests as Exhibit B.

deadlines for class certification opposition briefing and the close of fact discovery rapidly approach.

Date: August 25, 2006                         Respectfully submitted,

/s/ Peter C. Thomas
Peter C. Thomas (D.C. Bar # 495928)
Andrew M. Lacy, D.C. Bar # 496644
SIMPSON THACHER & BARTLETT LLP
555 11th Street, N.W.
Suite 725
Washington, D.C. 20004
(202) 220-7700
(202) 270-7702 (fax)

Tiffany A. Liston, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Defendants*