# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

STEPHANIE COHEN and SUNDA
CROONQUIST,

individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

WARNER CHILCOTT PUBLIC LIMITED
COMPANY, WARNER CHILCOTT
HOLDINGS COMPANY III, LTD.,
WARNER CHILCOTT CORPORATION,
WARNER CHILCOTT (US) INC.,
WARNER CHILCOTT COMPANY, INC.,
GALEN (CHEMICALS) LTD., and
BARR PHARMACEUTICALS, INC.,

Defendants.

Civil Action No. 1:06-CV-00401-CKK

Judge Colleen Kollar-Kotelly

**DEFENDANT WARNER CHILCOTT'S FIRST INTERROGATORIES
TO PLAINTIFFS STEPHANIE COHEN AND SUNDA CROONQUIST**

Pursuant to Federal Rule of Civil Procedure 33, Defendants Warner Chilcott

Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott

Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen

(Chemicals) Ltd. hereby submit their first set of interrogatories to Stephanie Cohen and

Sunda Croonquist ("Plaintiffs"). In accordance with Federal Rule of Civil Procedure 33,

each plaintiff shall submit her responses to the following interrogatories within thirty (30)

days to the offices of Simpson Thacher & Bartlett LLP, 555 11th Street, N.W., 7th Floor,

Washington, D.C. 20004.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories:

1.    "You" and "yours" mean each of the named individual consumer plaintiffs, Stephanie Cohen and Sunda Croonquist, both individually and collectively, and Plaintiffs' dependants, if any.

2.    "Complaint" means the Amended Class Action Complaint filed April 19, 2006.

3.    "Litigation" refers to the above-captioned case.

4.    "Warner Chilcott" means Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd., as well as their current and former parents, subsidiaries, and affiliates.

5.    "Barr" means Barr Pharmaceuticals, Inc., as well as its current and former parents, subsidiaries, and affiliates.

6.    "Third party" or "third parties" means any person or entity other than Barr, Warner Chilcott, or Plaintiffs, including, but not limited to, those persons and entities identified by Plaintiff in their April 20, 2006 Initial Disclosures, manufacturers, wholesalers, distributors, retailers, state attorneys general offices, formularies, insurers, the Food and Drug Administration, the Federal Trade Commission, third-party payors, physicians, nurses, and other health care providers.

7.    "Combined Hormonal Contraceptive,"  "CHC," or "CHC product" means any prescription drug, including brands and generics, used to prevent pregnancy that contains two synthetic hormones, including, but not limited to, Ovcon 35, oral contraceptives, transdermal patches, vaginal rings, and pills.

2

8.    "Ovcon 35" is an oral contraceptive used to prevent pregnancy that is sold by Warner Chilcott, and is used herein in the same manner as it is used in the Complaint.

9.    "Sample" means a four-week supply of any CHC, including, but not limited to, Ovcon 35, provided at no cost.

10.    "Insurance Provider or Plan" means any medical or health insurance provider, including, but not limited to, medical or health insurance plans and prescription drug plans.

11.    "Transaction" means the letter of intent between Warner Chilcott and Barr, Warner Chilcott's option to license, and its exercise of the option to license, Barr's Abbreviated New Drug Application ("ANDA") for a generic form of Ovcon 35, and the related supply agreement between Warner Chilcott and Barr, that are the subject of the Litigation.

12.    "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  "Document" means anything that may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or

3

maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing whether produced or authored by Plaintiffs of anyone else.

13.    "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reflecting, reporting, stating, or summarizing.

14.    "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral, written or electronic information between one or more persons or entities.

15.    "Identify," when used in connection with a person, means the name, address, phone number, and contact information of the person and (a) if such person is a natural person, the person's employer, his or her position and job responsibilities at the relevant time, and his or her current employer and contact information; or (b) if such person is not a natural person, its principal place of business and the identities of all natural persons presently or formerly employed by such person with whom Plaintiffs have had contact. "Identify," when used in connection with documents, means the title of the document, and the document's date, author, recipients, and source.  "Identify," when used in connection with a communication or event, means the time, place, manner, and circumstances of the communication or event.

16.    "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

17.     These Interrogatories call for all information (including any information contained in or on any document or writing) that is known or available to you, including all information in the possession of, or available to, your attorneys, agents, or representatives, or any investigators or any other person acting on behalf of you or under the direction or control of you or your attorneys, agents, or representatives.

18.     Each Interrogatory, including subparts, is to be answered by you separately, completely and fully, under oath.  If you object to any part of an Interrogatory, set forth the basis for your objection and respond to all parts of the Interrogatory to which you do not object.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.  All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

19.     All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the response.  If you are withholding responsive information pursuant to any general objection, you should so expressly indicate.  If, in responding to any Interrogatory, you claim any ambiguity in interpreting either the Interrogatory or a definition or instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to this Interrogatory.

20.     If you cannot answer all or part of any Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

5

21.    If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for defendants and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5).  The privilege log shall include the following: (a) specific grounds for the claim of privilege; (b) the title of any document or attachment being claimed as privileged and that is providing the basis for the non-response; (c) the date of the privileged communication; (d) the persons involved in the privileged communication; (e) a description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and (f) the Interrogatory to which the privileged information is responsive.

22.    Do not incorporate by reference facts contained in documents or publications; specify the precise facts, allegations, names, etc., called for by the Interrogatory regardless of whether the same are set forth elsewhere.

23.    Whenever a date, amount, or other computation or figure is requested, the exact date, the amount, or other computation is to be given unless it is not known.  If it is not known, then the approximate date, amount, or other computation or figure should be given or the best estimate thereof, and the answer shall state that the date, amount, computation, or figure is an estimate or approximation.

24.    Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

a.    Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

b.    Construing the singular form of any word to include the plural and the plural form to include the singular;

6

      c.      Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

      d.      Construing the masculine form to include the feminine form;

      e.      Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

      f.      Construing negative terms to include the positive and vice versa; and

      g.      Construing "include" or "including" to mean include or including "without limitation."

25.      These Interrogatories are continuing in nature, and you must supplement your responses pursuant to Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1.      State your full legal name and all former names, your address, your social security number, your date of birth, and your occupation.

2.      State the name of each of your employers from January 1, 2000 through the present date, your job position at each place of employment, and any union or other collective bargaining unit you have been a member of for each place of employment.

3.      Identify the specific number of times, unrestricted by date, that you have purchased any CHC, specifying the following information relating to each CHC purchase separately:  (a) the name of the CHC purchased; (b) the name of the CHC for which a prescription was provided (if different from the name of the CHC purchased); (c) the date of the CHC purchase; (d) the physician who prescribed the CHC and that physician's address; (e) the entity that filled the CHC prescription; (f) the price you paid for the CHC prescription, including any discounts or rebates received; (g) the dosage of the CHC; (h) the duration of the CHC prescription; (i) the method of payment for the CHC purchase; and (j) the name of each Insurance Provider or Plan that paid for or reimbursed any portion of the cost of the

7

CHC prescription and the amounts paid for or reimbursed by such Insurance Provider or Plan.

4.      Identify the specific number of times, unrestricted by date, that you have received any CHC Sample, specifying the following information relating to each CHC Sample received separately:  (a) the name of the CHC for which a Sample was provided; (b) the date the CHC Sample was received; (c) the number of CHC Samples received (if more than one); (d) the name of the person from whom the CHC Sample was received and their affiliation; and (e) any CHC prescription provided on that date, the name of the CHC for which the prescription was provided, and the duration of any such prescription.

5.      Identify each and every physician, including any person acting on behalf of, or under the direction, control, or supervision of the physician from January 1, 2000 through the present that has either prescribed you a CHC or provided you with a CHC Sample whether in connection with an office visit or otherwise, specifying the following information relating to each physician separately:  (a) the type of visit or communication involved, including appointments with physicians, walk-in visits, front-office visits without physician interactions, and telephone conferences; (b) the date you visited or communicated with the physician or the physician's office; (c) the name of any CHC prescribed as a result of that visit or communication; (d) the name of any CHC Sample received as a result of that visit or communication; and (e) the reason and date you changed physicians, if applicable.

6.      Identify all materials viewed or received in conjunction with any physician visit, prescription, or Sample related to any CHC including any starter kits, goods, informational or instructional pamphlets, reminder cards, booklets, and leaflets.

7.      Identify all Insurance Providers or Plans under which you have been covered or have received benefits from January 1, 2000 through the present date, including the provider name, the plan name, the policy number, the group I.D. number, dates of

enrollment, whether you are or were the principal insured or a dependent of a principal insured, whether the plan was employer-sponsored, and if so, by whom.

        8.     Identify all illnesses or medical conditions you have had from January 1, 2000 through the present date for which you have been prescribed any drugs or medications, and identify all prescription drugs or medications you have taken for such illnesses or medical conditions.  For each prescription drug or medication, indicate whether the drug or medication was a generic or brand name, and provide the name of the person or entity that decided whether a generic or brand name would be dispensed.

        9.     Identify all communications you have had with any person relating to your purchase or consumption of Ovcon 35, including the date, nature, and purpose of, and parties to, any such communications.

        10.    Identify all damages you claim to have suffered, and include in your response the total amount of damages claimed and how such damages were calculated.

        11.    State separately whether each of the following groups is included within your proposed class:  (a) individuals entitled to the use of coupons, credits, discounts, rebates, chargebacks, and/or similar offsets in purchasing Ovcon 35; (b) individuals who purchased Ovcon 35 for personal consumption or for consumption by dependants who were covered or reimbursed by traditional indemnity health insurance and either paid (i) nothing for Ovcon 35, (ii) a specified percentage of the cost of Ovcon 35, or (iii) a co-payment for Ovcon 35 fixed in absolute dollar terms; (c) individuals who purchased Ovcon 35 for personal consumption or for consumption by dependants who were covered or reimbursed by managed care plans and either paid (i) nothing for Ovcon 35, (ii) a specified percentage of the cost of Ovcon 35, or (iii) a co-payment for Ovcon 35 fixed in absolute dollar terms; (d) individuals who purchased Ovcon 35 for personal consumption or for consumption by dependants who were covered or reimbursed by Medicaid or other governmental programs

and either paid (i) nothing for Ovcon 35, (ii) a specified percentage of the cost of Ovcon 35, or (iii) a co-payment for Ovcon 35 fixed in absolute dollar terms; (e) individuals who purchased Ovcon 35 for personal consumption who were covered or reimbursed by no one and paid (i) nothing for Ovcon 35 or (ii) a specified percentage of the cost of Ovcon 35; (f) individuals who received Ovcon 35 Samples for personal consumption or for consumption by dependents; and (g) individuals who would not purchase an AB-rated generic equivalent to Ovcon 35.

May 18, 2006                          Respectfully submitted,


                                          /s/ Peter Thomas
                                      _____
                                      Peter C. Thomas (D.C. Bar # 495928)
                                      SIMPSON THACHER & BARTLETT LLP
                                      555 11th Street, N.W., 7th Floor
                                      Washington, D.C. 20004
                                      (202) 220-7700
                                      (202) 220-7702 (fax)

                                      Charles E. Koob, *pro hac vice*
                                      SIMPSON THACHER & BARTLETT LLP
                                      425 Lexington Avenue
                                      New York, New York 10017
                                      (212) 455-2000
                                      (212) 455-2502 (fax)

                                      *Counsel for Warner Chilcott Defendants*