UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE COHEN : | |
| and : | |
| SUNDA CROONQUIST, : | |
| individually and on behalf of all others : | |
| similarly situated, : | |
| Plaintiffs, : | |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| WARNER CHILCOTT PUBLIC LIMITED : | |
| COMPANY; WARNER CHILCOTT : | 1:06-cv-00401-CKK |
| HOLDINGS COMPANY III, LTD.; : | |
| WARNER CHILCOTT CORPORATION; : | Judge Colleen Kollar-Kotelly |
| WARNER CHILCOTT (US) INC.; : | |
| WARNER CHILCOTT COMPANY, INC.; : | Electronically Filed |
| GALEN (CHEMICALS), LTD.; : | |
| and : | |
| BARR PHARMACEUTICALS, INC., : | |
| Defendants. : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A SUR REPLY**

Defendants' "Memorandum of Law" in opposition to Plaintiffs' Motion for Leave to File a Sur Reply references no law or legal authority whatsoever, but instead consists of an *ad hominem* attack regarding Plaintiffs' counsel's "gross misstatement" and purported actions of giving Defendant "the discovery run around." While Plaintiffs' counsel mistakenly stated that the names of Ms. Croonquist's pharmacies were contained in her answers to interrogatories, this information was nonetheless conveyed to Defendants when Plaintiffs produced Ms. Croonquist's redacted records from CVS. Thus, the only "gross" misstatement appears to be Defendants' statement that "Plaintiffs have ***never provided*** this information [regarding pharmacies] to Defendants," which is belied

by Defendants' own admission in their previous pleading that they received records from CVS in redacted form.  This is a simple discovery dispute.  The fact that Plaintiffs have properly objected to the discovery of information regarding other drugs, and are waiting for a ruling from the Court on Defendants' motion to compel, does not constitute "the run around" as Defendants repeatedly argue.  Indeed, Plaintiffs' counsel have made good faith efforts to obtain pharmacy records not in Ms. Croonquist's possession, and then produced those additional documents (again redacting the information regarding other drugs that is the subject of the pending motion).  Despite Defendants' statement that they wish to "quickly conclude the briefing on Defendants' motion to compel," their continued briefing has completely lost sight of the otherwise straightforward discovery issue in this matter.

Dated:  August 31, 2006

                                                      Respectfully submitted,

                                                      /s/ John M. Mason
                                                      John M. Mason, Esquire
                                                      DC Bar ID#: 193268
                                                      Of Counsel
                                                      **LAW OFFICES OF ROBERT W. SINK**
                                                      319 West Front Street
                                                      Media, PA 19063
                                                      Tel:    610-566-0800
                                                      Fax:   610-566-4408

                                                      Robert W. Sink, Esquire
                                                      *Pro Hac Vice*
                                                      **LAW OFFICES OF ROBERT W. SINK**
                                                      319 West Front Street
                                                      Media, PA 19063
                                                      Tel:    610-566-0800

Fax:   610-566-4408

**Attorneys for Plaintiffs**