UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE COHEN, *et al.*,<br><br>              Plaintiffs,<br><br>      v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, *et al.*,<br><br>              Defendants. | Civil Action No. 06-401 (CKK) |

## CONSUMER PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER

**I.     This Court Has Original Jurisdiction Pursuant to 28 U.S.C.A. § 1332(d)(2)**

Pursuant to 28 U.S.C.A. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - - (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . . or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."[1]

Here, the amount in controversy exceeds the sum of $5,000,000 required by 28 U.S.C.A. § 1332(d)(2). Plaintiffs' unjust enrichment claims alone seek, *inter alia*, disgorgement of "all payments made to Barr by Warner Chilcott," or $20 million. (*See* Plaintiffs' Amended Complaint at ¶¶ 5, 103, *et seq.*). Additionally, Plaintiffs seek disgorgement of profits from the Warner Chilcott Defendants. (*See* Plaintiffs' Amended Complaint at ¶¶ 101, 103, *et seq.*). From May, 2004 through September, 2006, Plaintiffs conservatively estimate that the total sales of

---

[1] As amended by the Class Action Fairness Act of 2005.

Ovcon in the U.S. were at least $140 million.[2]  Applying a gross profit margin of 85.3%[3], this equates to a gross profit of nearly $120 million.  Clearly, the $5,000,000 threshold is met here.

The requirements of 28 U.S.C.A. §§ 1332(d)(2)(A) and (C) are also met here.  The named Plaintiffs, Stephanie Cohen and Sunda Croonquist, are citizens of New York and California, respectively.  Plaintiffs have brought claims on behalf of themselves and a class of consumers who purchased Ovcon in Arizona, California, Florida, Kansas, Maine, Michigan, Minnesota, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, and West Virginia ("the Indirect Purchaser States") for violations of the antitrust and/or consumer protection laws of the Indirect Purchaser States (Count III).  Plaintiffs have also brought claims on behalf of themselves and a class of consumers from all fifty states seeking restitution and disgorgement of profits for unjust enrichment under the common law of the fifty states (Count IV).  Defendants, Warner Chilcott Public Limited Company, Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc. are citizens of New Jersey.  Defendants Warner Chilcott Holdings Company III, Ltd. and Galen (Chemicals), Ltd. are citizens of the United Kingdom.  Defendant, Barr Pharmaceuticals, Inc., is a citizen of New York.  Clearly, this is a class action in which members of the class of Plaintiffs, including the named Plaintiffs, are citizens of a State different from any defendant.  Similarly, this is a class action in which members of the class of Plaintiffs are citizens of a State and any defendant is a

---

[2]This figure is estimated from Warner Chilcott Ltd. Form S-1 (Securities Registration Statement) filed 10/20/2006, attached, in pertinent part, as Exhibit "A".

[3]Estimated using Warner Chilcott Ltd. Form S-1 (Securities Registration Statement) filed 10/20/2006, attached, in pertinent part, as Exhibit "A".  Plaintiffs believe that the actual gross profit margins for Ovcon from April 22, 2004 through present were even higher, and will be producing their expert report during the course of discovery.

citizen of a foreign state. Accordingly, 28 U.S.C.A. §§ 1332(d)(2)(A) and (C) are satisfied.[4]

## II.     Standing Has No Bearing On This Court's Jurisdiction, and Should Be Addressed After Class Certification

Although standing is not required to determine the Court's jurisdiction, with regard to standing the United States Supreme Court in *Ortiz v. Fibreboard,* 527 U.S. 815 (1999) clearly directs consideration of class certification issues before those of standing.  Under the facts of this case, the majority view (*i.e.*, the approaches of the First, Third, Fifth and Seventh Circuits, as well as the District Courts for the District of Massachusetts and New Jersey) supports application of the *Ortiz* exception to defer consideration of Defendants standing challenge and allow this Court to address the issues of certification first.  This issue has never been decided by the U.S. Court of Appeals for the D.C. Circuit.  Defendants' argument that this Court should reject the majority view and instead rely upon *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98 (D.C. Cir. 2002) is unpersuasive.  In *Lorazepam*, the court stated that "[t]he question of constitutional standing, which is a prerequisite to Rule 23 class certification because it goes the court's jurisdiction, ***is not at issue here.***"  *Id.* At 108 (emphasis added).  Since this issue was not before the *Lorazepam* court, that statement was dicta that is not binding upon this Court.  Indeed, the *Lorazepam* opinion offers no citation or authority to support this bare statement.  Nowhere in the *Lorazepam* opinion is there a single mention of *Ortiz, supra,* which highlights the fact that this issue was not determined by the *Lorazepam* court.  In fact, Chief Judge Hogan of this very Court has certified a nationwide class without first requiring 51 named plaintiffs who suffered the same type of injury, distinguished only by where they live.  *See, e.g., In re*

---

[4]To the extent that the Court wishes to have Plaintiffs plead additional allegations to support diversity jurisdiction, Plaintiffs request leave to amend their complaint.

*Lorazepam and Clorazepate Antitrust Litig.* 205 F.R.D. 369 (D.D.C. 2002). *See also, e.g., Payton v. County of Kane,* 308 F.3d 673 (7th Cir. 2002)*, cert. denied,* 540 U.S. 812 (2006), *Mowbray v. Waste Management Holdings, Inc.,* 189 F.R.D. 194 (D.Mass. 1999) *aff'd,* 208 F.3d 288 (1st Cir. 2000), *In re Buspirone Patent Litig.*, 185 F.Supp.2d 363 (S.D.N.Y. 2002).

### III.    This Court Has Jurisdiction Pursuant to 28 U.S.C.A. § 1331

Finally, while Plaintiffs believe that their federal claims for injunctive relief with respect to Defendant, Barr Pharmaceutical, Inc. still exist,[5] since original jurisdiction plainly exists under 28 U.S.C.A. §§ 1332(d)(2)(A) and (C), Plaintiffs do not believe that the Court needs to reach this issue.

Respectfully submitted,

/s/ John M. Mason
John M. Mason, Esquire
DC Bar ID# 193268
Of Counsel
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:    610-566-0800
Fax:    610-566-4408

Robert W. Sink, Esquire
*Pro Hac Vice*
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:    610-566-0800
Fax:    610-566-4408
***Attorneys for Plaintiffs***

---

[5] Plaintiffs incorporate Plaintiff Federal Trade Commission's Opposition to Defendant, Barr Pharmaceuticals' Motion to Dismiss FTC Complaint as Moot. To the extent that the Court wishes to have Plaintiffs plead additional allegations to further support their claims for injunctive relief against Barr, Plaintiffs request leave to amend their complaint.