**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MEIJER, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 05–2195 (CKK) |
| VISTA HEALTHPLAN, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 05–2327 (CKK) |
| STEPHANIE COHEN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, *et al.*,<br><br>    Defendants. | Civil Action No. 06–401 (CKK) |

| | |
|---|---|
| WALGREEN CO., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 06–494 (CKK) |
| CVS PHARMACY, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 06–795 (CKK) |

**ORDER**

On February 14, 2007, the parties to the above-captioned actions filed a Joint Motion and Stipulation in each of their respective actions, requesting that the Court set a revised schedule for fact and expert discovery in those actions. The schedule proposed by the parties does not change the outside date for the completion of discovery or interfere with the July 27, 2007 Status Conference scheduled by the Court in the Court's January 26, 2007 Order. Instead, the parties' proposed schedule resets certain deadlines within the time period in which fact and expert discovery must be completed, and requests that the Court enter a stay of discovery until March 15, 2007 "so that the parties can concentrate their efforts on settlement discussions." On February 14, 2007, noting that the Joint Motion and Stipulation was unclear as to what settlement

discussions were ongoing amongst the parties, the Court ordered the parties to provide the Court with notice as to how they were engaging in settlement discussions. Thereafter, on February 15, 2007, the parties informed the Court of the following:

- The Direct Purchaser Plaintiffs and Defendants are scheduled to meet in person on February 16, 2007 to continue settlement negotiations; have already met in person; and have found these settlement discussions to be constructive;

- The Third Party Payor Plaintiffs, Consumer Plaintiffs, and Defendants are scheduled to meet in person on February 22, 2007 to continue settlement negotiations; have already met in person, and have found these settlement discussions to be constructive;

- If these settlement discussions amongst the parties fail to resolve one or more of the above-captioned matters, the Private Plaintiffs and Defendants plan settlement conferences with Magistrate Judge Alan Kay in late February or the first half of March 2007; and

- In all events, the Private Plaintiffs and Defendants expect any mediation efforts to be substantially complete by March 15, 2007.

The Court certainly encourages the parties to engage in settlement discussion and, based on the foregoing, it appears that a stay of discovery is in order to allow the parties to focus on settlement negotiations.

Accordingly, it is this 15th day of February, 2007, hereby

**ORDERED** that discovery in the above-captioned actions shall be stayed, with the exception of the deposition of Tamar Howson, until March 15, 2007; it is further

**ORDERED** that fact discovery in the above-captioned cases shall end as of July 6, 2007;

it is further

**ORDERED** that the Private Plaintiffs shall serve their expert reports on the merits, together with any supporting data, on or before April 20, 2007; it is further

**ORDERED** that the Defendants shall serve their expert reports on the merits, together with any supporting data, on or before June 1, 2007; it is further

**ORDERED** that the Private Plaintiffs shall serve their rebuttal expert reports, together with any supporting data, on or before June 22, 2007; it is further

**ORDERED** that the Defendants reserve the right to serve a surrebuttal on or before July 6, 2007, in the event that new information is raised in the Private Plaintiffs' rebuttal reports, requiring rebuttal; it is further

**ORDERED** that the Private Plaintiffs agree not to unreasonably object to the Defendants' serving of surrebuttal reports, and the parties agree to meet and confer should disagreement arise relating to the Defendants' serving of such reports; it is further

**ORDERED** that the parties shall make their experts available for deposition on or before July 25, 2007; it is further

**ORDERED** that the parties shall appear for a Status Conference on July 27, 2007 at 10:30 a.m.

    **SO ORDERED.**

                                                                                 /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge

cc:      Magistrate Judge Kay