UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE COHEN : | |
| and : | |
| SUNDA CROONQUIST, : | |
| individually and on behalf of all others : | |
| similarly situated, : | |
|     Plaintiffs, : | |
| v. : | |
| : | |
| WARNER CHILCOTT PUBLIC LIMITED : | |
| COMPANY; WARNER CHILCOTT : | 1:06-cv-00401 (CKK) |
| HOLDINGS COMPANY III, LTD.; : | |
| WARNER CHILCOTT CORPORATION; : | ORAL ARGUMENT REQUESTED |
| WARNER CHILCOTT (US) INC.; : | |
| WARNER CHILCOTT COMPANY, INC.; : | |
| GALEN (CHEMICALS), LTD.; : | |
| and : | |
| BARR PHARMACEUTICALS, INC., : | |
|     Defendants. : | |

**CONSUMER CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

    1.    Pursuant to Fed. R. Civ. P. 23 and Local Civil Rule 23.1, Plaintiffs bring this action as representatives of the Classes defined as follows:

> All persons throughout the United States who purchased Ovcon for personal or household use at any time during the period from April 22, 2004 to the present and continuing until the effects of Barr Pharmaceuticals, Inc.'s anticompetitive conduct have ceased seeking injunctive relief under the Sherman Act (Counts I and II)(hereinafter "Injunctive Relief Subclass");

> All persons who purchased, in any of the "Indirect Purchaser States," Ovcon for personal or household use at any time during the period from April 22, 2004 to the present and continuing until the effects of Defendants' anticompetitive conduct has ceased (Count III) (hereinafter "Indirect Consumer Purchaser Subclass"), excluding any persons who suffered no economic harm as a result of Defendants' conduct;

> All persons who purchased, in any of the fifty states, Ovcon for personal or household use at any time during the period from April

22, 2004 to the present and continuing until the effects of Defendants' anticompetitive conduct has ceased (Count IV) (hereafter "Nationwide Unjust Enrichment Subclass");

2.   Collectively, the Injunctive Relief Subclass, Nationwide Unjust Enrichment Subclass and Indirect Consumer Purchaser Subclass are referred to as the "Class". Excluded from the Class are all governmental entities, the Defendants, and their respective subsidiaries and affiliates.

3.   Plaintiffs incorporate by this reference their Memorandum of Law in Support of Consumer Class Plaintiffs' Motion for Class Certification, Exhibit A (Firm Resume for the Law Offices of Robert W. Sink), Exhibit B (Survey of Indirect Purchaser Standing for Antitrust Claims under State Law), Exhibit C (Declaration of Edward Heiden, PhD) and Exhibit D (Survey of Unjust Enrichment Law for Fifty-One Jurisdictions).  Each was filed contemporaneously in support of this motion.

4.   Pursuant to Local Civil Rule 23.1(c), a determination of provisions of notice are not being made at this time because Plaintiffs' counsel is analyzing discovery from Defendants to determine the "best practicable notice under the circumstances" to comply with Fed. R. Civ. P. 23(c)(2)(B). Plaintiffs' counsel propose that a determination shall be made after the Court certifies the Class, unless otherwise directed by the Court.

WHEREFORE, Plaintiffs request that Consumer Class Plaintiffs' Motion for Class Certification be GRANTED, that the named Plaintiffs be approved as class representatives, and that their counsel be approved as counsel for the Class.

        Respectfully submitted,

_____

Robert W. Sink, Esquire
*Pro Hac Vice*
John M. Mason, Esquire
DC Bar ID#: 193268
**LAW OFFICES OF ROBERT W. SINK**
319 West Front Street
Media, PA 19063
Tel:   610-566-0800
Fax:   610-566-4408

Dated:  March 23, 2007        ***Attorneys for Plaintiffs***