**Exhibit B**

## SURVEY OF INDIRECT PURCHASER STANDING FOR ANTITRUST CLAIMS UNDER STATE LAW

| STATE | LAW PROVIDING INDIRECT PURCHASER STANDING | ACCORD WITH FEDERAL ANTITRUST LAWS |
|---|---|---|
| **Arizona** | *Bunker's Glass Co. V. Pilkington P.L.C.*, 75 P.3d 99 (Ariz. 2003), upholding indirect purchaser standing under Ariz. Rev. Stat. Ann. 44-1408B. | "It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes." Ariz. Rev. Stat. 44-1412. |
| **California** | Cartwright Act Section 16750(a) provides for lawsuits by injured persons who dealt either directly or indirectly with the antitrust law offenders. Cal. Bus. & Prof. Code 16750(a). | "Because the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act." *Vinci v. Waste Management, Inc.*, 36 Cal.App.4th 1811, 1814 n.1(1st Dist. Ct. App. 1995). |
| **Florida** | Indirect purchasers have standing under Florida Deceptive and Unfair Trade Practices Stat. §501.201 et seq. *Mack v. Bristol-Myer Squibb Co.,* 673 So.2d 100 (Fla. Dist. Ct. App. 1996). | "Due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1)." Section 5(a)(1) of the FTC Act encompasses violations of the antitrust laws. *Mack,* 673 So.2d at 104 |

| | | |
|---|---|---|
| | | (internal citation omitted). |
| **Kansas** | Kan. Stat. Ann. § 50-801(b) | "The facts proving that Microsoft unlawfully maintained its monopoly power in violation of § 2 of the Sherman Act are sufficient to meet analogous elements of causes of action arising under the laws of each plaintiff state." *United States v. Microsoft Corp.*, 87 F. Supp. 2d 30, 54n.7 (D.D.C. 2000), affirmed in part rev'd on other grounds by, 253 F.2d. 34 (D.C. Cir. 2001). |
| **Maine** | Me. Rev. Stat. Ann. Tit. 10, § 1104(1) | "We have noted that the 'Maine antitrust statutes parallel the Sherman Act,' and thus have analyzed claims thereunder according to the doctrines developed in relation to federal law." *Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000). |
| **Michigan** | Mich. Comp. Laws § 4445.778(2) | "Both federal and state courts consistently apply Sherman Act precedent to [Michigan Antitrust Reform Act] claims." *Mahaffey v. Detroit Newspaper Mahaffey v. Detroit Newspaper Agency*, 969 F.Supp. 446, 449 (E.D. Mich. 1997) (citing *ETT Ambulance Serv. Corp. v. Rockford Ambulance, Inc.*, 516 N.W.2d 498 (Mich. Ct. App. 1994)). |
| **Minnesota** | Minn. Stat. § 325D.57 | "Minnesota courts have consistently held that Minnesota Antitrust law is |

| | | |
|---|---|---|
| | | to be interpreted consistently with the federal courts' construction of federal antitrust law." *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753(8th Cir. 2003). |
| **New Mexico** | N.M. Stat. Ann. § 57-1-3(A) | "Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws." N.M. Stat. Ann. § 57-1-15. |
| **New York** | GBL § 340(6) | "Although the Sherman Act and the Donnelly Act differ in some areas, they require identical basis elements of proof for claims of monopolization or attempt to monopolize." *Altman v. Bayer Corp.*, 125 F. Supp. 2d 666, 672 (S.D.N.Y. 2000). |
| **North Carolina** | Indirect purchasers have standing under N.C.G.S. § 75-16. *Crouch v. Crompton Corp.*, 2004 WL 2414027 (N.C. Super. 2004). | "The facts proving that Microsoft unlawfully maintained its monopoly power in violation of § 2 of the Sherman Act are sufficient to meet analogous elements of causes of action arising under the laws of each plaintiff state." *United States v. Microsoft Corp.*, 87 F. Supp. 2d 30, 54 n.7 (D.D.C. 2000), *affirmed in part rev'd on other grounds by,* 253 F.2d. 34 (D.C. Cir. 2001). |
| **North Dakota** | "In any action for damages under this | "The establishment, maintenance, or use of a |

| | | |
|---|---|---|
| | section, the fact that the state, political subdivision, public agency, or person threatened with injury or injured in its business or property by any violation of the provisions of this chapter has not dealt directly with the defendant does not bar recovery." N.D. Cent. Code § 51-08.1-08 (3). | monopoly, or an attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding competition or controlling, fixing, or maintaining prices, is unlawful." N.D. Cent. Code § 51-08.1-08-3. |
| **South Dakota** | S.D. Codified Laws §§ 37-1-14.3, 37-1-33. | "It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes." S.D. Codified Laws § 37-1-22. |
| **Tennessee** | Indirect purchaser has standing under Tenn.Code Ann. § 47-25-106. *Sherwood v. Microsoft Corp.*, 2003 WL 21780975 (Tenn. App. 2003). | "Authorities which define the character of private damage suits under the federal anti-trust statutes, particularly the Sherman Act, are most persuasive." In re Cardizem CD Antitrust Litigation, 105 F.Supp. 2d 682, 692n.6 (E.D. Michigan 2000) *quoting State ex rel. Leech v. Levi Strauss,* 1980 WL 4696 at *2 n.2 (Tenn.Ch.1980). |
| **West Virginia** | Legislative Rule allowing persons who are indirectly injured to recover damages under the W.Va. Antitrust Act. 142 C.S.R.9 (W.Va. Code of State Rules) | "This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes." W.Va. Code Ann. § 47-18-16 |