**Exhibit D**

**SURVEY OF UNJUST ENRICHMENT LAW**
**FOR FIFTY-ONE JURISDICTIONS**

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Alabama | "The essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and goad conscience, belongs to plaintiff of *holds* money which was improperly -paid to defendant because of mistake or fraud." *Hancock-Harlett Gen. Constr. Co. v. Trane Co.,* 499 So. 2d 1385, 1387 (Ala. 1986) (citations omitted). |
| Alaska | "A party seeking to recover for unjust enrichment must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it "without paying the value thereof." *Beluga Mining Co. v. Alaska Dept of Natural Resources* 973 P.2d 570, 579 (Alaska 1999) (citation omitted). |
| Arizona | "In Arizona, five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law." *Community Guardian Bank v.. Hamlin,* 898 P.2d 1005,1008 (Ark. Ct. App. 1995) (citations omitted). |
| Arkansas | "Unjust enrichment is the principle that one person should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution for property or benefits received, retained, or appropriated "where it is just and equitable that such restitution be made. . . . To be unjustly enriched, a party must have received something of value to which he was not entitled and that he should restore." *Brown v. Ruallam Enters.,* 44 S.W.3d 740,745 (Ark Ct. App. 2001) (citations omitted). |
| California | "[T]he elements for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank,* 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000) (citation omitted). |
| Colorado | "In Colorado, a plaintiff seeking recovery for unjust enrichment must prove: (1) at plaintiffs expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Salzmon v. Bachbrach,* 996 P.2d 1263,1265-66 (Colo. 2000) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Connecticut | "[Unjust enrichment's] three basic requirements are (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for *the* benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Eastern Metal Prods, v. DePerry,* 686 A.2d 1003,1004 (Conn. App. Ct. 1397) (citation omitted). |
| Delaware | "The elements of unjust enrichment are: {1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Jackson Nat'l Life Ins. Co, v. Kennedy,* 741 A.2d 377, 393 (Del. Cb. 1959) (citation omitted). |
| District of Columbia | 'To recover on a theory of unjust enrichment, . . . the plaintiff must show that [the defendant] was unjustly enriched at his expense and that the circumstances were such that in good conscience [the defendant] should make restitution." *Fred Ezra Co. v. Pedas,* 682 A.2d 173,175 (D.D.C. 1996) (brackets in original) (citation omitted). |
| Florida | "To state a cause of action for unjust enrichment, a plaintiff must allege facts that, if taken as true, would show 1) that a benefit was conferred upon the defendant, 2} that the defendant either requested the benefit or knowingly and voluntarily accepted it, 3) that a benefit flowed to the defendant, and 4) that wider the circumstances, it would be inequitable for the defendant to retain the benefit without paying the value thereof." *Townsend Contracting Inc. v. Jensen Civil Constr., Inc.,*728 So. 2d297, 303 (Ma. Dist. Ct App. 1999) (citation omitted). |
| Georgia | "The theory of recover)' for unjust enrichment arises both at law and equity. ... The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such patty and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience,, must reimburse the other to the extent of the value conferred. Inherent in unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon them by another and failed to stop the act or to reject the benefit." *Reidling v. Holcomb,* 483 S.E.2d 624, 626 (Ga. Ct. App. 1997) (citations omitted). |
| Hawaii | "It is a truism that [a] person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action,.., or in any way adds to the other's security or advantage.' One who receives a benefit is of course enriched, and he would be unjustly enriched if its retention would be unjust. And it is axiomatic that '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.' We realize unjust enrichment is a broad and imprecise term defying definition. But in deciding whether there should be restitution here, we are guided by the underlying conception of restitution, the prevention of injustice/[1] *Small v. badenhop,* 701 P.2d 647, 654 (Haw. 1985) (citations omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Idaho | "[I]n order to establish the prima facie case for unjust enrichment, the plaintiff must show that there was: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff of the value thereof." *Aberdeen-Springfield Canal Co. v. Peiper,* 982 P.2d 917, 923 (Idaho 1999) (citation omitted). |
| Illinois | "To state a cause of-action based upon a theory of unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiffs detriment and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." *B&B Land Acquisition, Int. v. Mandell,* 7:4 N.E.2d 58, 63 (111. App. Ct. 1939) (citation omitted). |
| Indiana | "To prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a measurable benefit on the defendant under circumstances in which the defendant's retention of the benefit - without payment would be unjust." *Harrco, Inc v. Plainfield Interstate Family Dining Assoc.,* 75 B N.E.2d 931, 940 (Ind.Ct. App. 2001) (citation omitted), |
| Iowa | "Unjust enrichment is a doctrine of restitution. ... A plaintiff seeking recovery under this doctrine must prove the defendant receive a benefit that its equity belongs to the plaintiff." *Slack v. M.L.B. Inv. Co.,* 566 NAY.2d 503, 506 (Iowa 1997) (citations omitted). |
| Kansas | "T*o* prevail on a claim of unjust enrichment, there must be: (l) a benefit conferred upon the defendant by the plaintiff; (2) in appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payments of its value."   *Home Bank & Trust Co. v. Cedar Bluff Cattle-Feeders, Inc.,* 959P.2d *934, 929* (Kan. Cr. App. 1998) (citations omitted). |
| Kentucky | "[A] claimant shall be required to peeve three elements in each case [of unjust enrichment]. First, a benefit must be conferred upon the defendant at the plaintiff's expense. Second, the benefit must result in an appreciation by the defendant. Finally, acceptance of the benefit under circumstances which render its retention, by the defendant without payment of the value thereof, inequitable." *Guarantee Elec. Co. &. Big Rivers Elec. Corp.,* 669 R Supp. 1371,1380-81 (W.D. Ky. 1987) (citations omitted). |
| Louisiana | "[T]he five requirements for a showing of unjust enrichment. . . are: (1) there must be an enrichment; (2} there must be an impoverishments; (3) there must be a connection between the enrichment and the resulting impoverishment; (4) there must be an absence of justification' or 'cause' for the enrichment and impoverishment; and (5) there must be no other remedy at law available to plaintiff." *Johnco, Inc. v. Jameson Interests,* 741 So. 2d 867,872 (La. Ct. App. 1999) (citation omitted) |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Maine | "To decide an unjust enrichments claim, a court must ascertain whether a benefit has been conferred, whether the party receiving the benefit has an appreciation or knowledge of it, and whether the acceptance or retention by the defendant of the benefit [is] under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value" *Landry v. Landry,* 697 A.2d S43, 845 (Me. 1997) (citation omitted). |
| Maryland | "The elements of a claim of unjust enrichment are: 1. a benefit conferred upon the defendant by the plaintiff; 2. an appreciation or knowledge by the defendant of the benefit; 3. the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Klein v.. Fidelity & Deposit Co. of Am.,* 700 A.2d 2(52, 277 (Md. Ct. Spec. App. 1997) (citation omitted). |
| Massachusetts | "Unjust enrichment is an essentially equitable doctrine requiring proof of sonic misconduct, fault or culpable action on the part of the defendant as "wrongdoer which tenders his retention of a benefit at the expense of another contrary to equity and good conscience. *DeSanctis v. Labell's Airport Parking, Inc.,* 1991 Mass. App. Div. 37, 4D (Mass. Dist. Ct. 1991) (citation omitted). |
| Michigan | "The elements of a claim for unjust enrichment axe: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.,* 509 N.W.2d 791,796 (Mich. Ct. App. 1993) (citation omitted). |
| Minnesota | "To establish an unjust enrichment claim it must be shown that a party has knowingly received something of value, not being entitled to the benefit, and under circumstances that would make it unjust to permit its retention." *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.,* 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) (citations omitted). |
| Mississippi | "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal con tea ct but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts imposing a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong." *Dew v. Langford,* 666 So. 2d 739,745 (Miss. 1995) (citation omitted). |
| Missouri | "The essential elements of a *quasi contract* action of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and .retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without paying the value thereof." *Graves a Berkowitz* 15 S.W.3d 59, 61 (Mo. Ct. App. 2000) (citation omitted). |
| Montana | "In establishing a prima fade case under the equitable doctrine of unjust enrichment, the plaintiff must show misconduct or fault on the part of the defendant, or that the defendant somehow took advantage of the plaintiff." *Buday v. Philips,* 8 P.3d 123 (Mont. 2000) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Nebraska | "[U]njust enrichment is 'a general principle, underlying various legal doctrines and remedies;, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated where it is just and equitable that such restitution be made." *Abrens v. Dye,* 302 N.W.2d (582, 684 (Neb, 1981). "The issue of unjust enrichment is a question of fact. Where benefits hare been received and retained under circumstances that it -would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the recipient to pay the reasonable value of the services." *Sorrenson v. Dager,* 601 N.W.2d 564, 572 (Neb. Ct. App. 1999) (citations omitted). |
| Nevada | "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."   *Topaz  Mut. Co. v. Marsh* 839 P.2d 606, 613 (Nev. 1992) (citation omitted). |
| New Hampshire | '"A trial court may require an individual to make restitution for unjust enrichment if he has received a benefit which would be unconscionable for him to retain.' 'To entitle one to restitution, it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that-would be unconscionable to retain.'" *Kowalski v. Cedars of Portsmouth Condo. Ass'n , 769* A.2d 344,347 (N.H. 2001) (citations omitted). |
| New Jersey | 'To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust. The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Cameco, Inc. v. Gedicke,* 690 A.2d 1051,1059 (N.J. Super. Ct. App. Div. 1997) (citation omitted). |
| New Mexico | "There is no question that [a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.  A person who receives a benefit has been enriched. A person who receives any sort of advantage, such as possession of or some other interest in money, has been conferred a benefit." *Sunwest Bank of Albuquerque, N.A. v. Colucci* 872 P.2d 346, 348 (N.M. 1994) (citations omitted). |
| New York | "A person may be deemed to be unjustly enriched if he (or she) has received a benefit, the retention of which would be unjust. A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties. It is a conclusion reached through the application of principles of equity." *Sharp v. Kosmalski,* 40 N.Y.2d 119, 123 (1976) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| North Carolina | "In order to [survive challenge to unjust enrichment claim]; plaintiff was required to present evidence that a benefit was conferred upon [defendant], that he 'consciously accepted' benefit, and that the benefit was not gratuitous." *Norman Owen Trucking Inc. v. Morkoski,* 506 S.E.2d 267, 273 (N.C. Ct. App. 1998) (citation omitted). |
| North Dakota | "Five elements must be established to prove unjust enrichment: 1. An enrichment; 2. An impoverishment; 3. A connection between the enrichment and the impoverishments. 4. Absence of a punishment for the enrichment and impoverishment; and 5. An absence of a remedy provided by law. (citations omitted)" *Schrader v. Buckholz* 622 N W. 2d 202, 207 (N.D. 2DD1) (citation omitted) |
| Ohio | "[T]his court identified three elements necessary to succeed in an action based on a quasi-contract: (1) a benefit conferred by a plaintiff upon a defendant (2) knowledge by the defendant of the benefit and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Dixon v. Smith,* 695 N.E.2d 284, 289 (Ohio Ct. April. 1997) (citation omitted). |
| Oklahoma | "A right of recovery under the: doctrine of are just enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expanse of another.. .. Before a party will be entitled to recover for unjust enrichment, however, there must be enrichment to another coupled with a resulting injustice." *N.C. Corff P'ship, Ltd., OXY USA, Inc.,* 929 P2d 288, 295 (Okla Ct. App. 1996) (citations omitted}. |
| Oregon | "Those three elements [of unjust enrichment] are a benefit conferred, awareness by the recipient that a benefit has "been received and, under the circumstances. it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Edward D. Jones & Co v. Mishler,* 983 P.2d 1086, 1101 (Or. Ct. App. 1999) (citation omitted}. |
| Pennsylvania | "Unjust enrichment is a quasi-contractual doctrine based in equity; its elements include benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" *Wiernik v. PHH US Mortgage Corp.,* 736 A,2d 616, 622 (Pa. Super. Ct. 19991) (citation omitted). |
| Rhode Island | "[I]n order to recover under quasi-contract unjust enrichment, a plaintiff is required to prove three elements (1) a benefit must be conferred up an the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it "would be inequitable for a defendant to retain the benefit without paying the value thereof." *Bouchard v. Price,* 694 A.2d 670, 673 (R.I.1997) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Washington | "Three elements must be established in order to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation of knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Bailie Comme'n, Ltd. v. Trend Bus. Sys., Inc.,* 810 P.2d 12, 18 (Wash. Ct. App. 1991) (citation omitted). |
| West Virginia | "Unjust enrichment of a person on occurs when he has and retains money or benefits which in justice and equity belong to another." *Dunlap v. Hinkle,* 317 S.E.2d 5D8, 512 n.2 (W. Va. 1984] (citation omitted). |
| Wisconsin | "To recover on a claim for unjust enrichment, three elements must be proven: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under circumstances that makes its retention inequitable." *Tri-State Mechanical, Inc. v. Northland College,* 681 N.W,2d 302, 306 Wis, Ct. App. 2004) (citations omitted). |
| Wyoming | "There are four elements for a claim of unjust enrichment: (1) Valuable services were rendered, or materials furnished, (2) to the party to be charged, (3) which services or materials were accepted, used and enjoyed by the party, and (4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched." *Amaco Prod. Co. v. EM Nominee P'ship Co.,* 2 P.3d 534, 541-42 (Wyo. 2000) (citations omitted). |