UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No: 1:06CV00401 (CKK)<br><br>Jury Trial Demanded |

### [PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT BETWEEN CONSUMER CLASS PLAINTIFFS AND DEFENDANTS

Upon review and consideration of the Settlement Agreement dated May 16, 2007, executed on behalf of Consumer Class Representatives Stephanie Cohen and Sunda Croonquist ("Plaintiffs"),[1] individually and as representatives of the proposed Settlement Class (as defined herein), and on behalf of Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. (together "Warner Chilcott") and Barr Pharmaceuticals, Inc ("Barr"); and Consumer Plaintiffs' Motion for Preliminary Approval of the Settlement, Conditional Certification of the

---

[1] Unless otherwise noted, terms used herein are used as defined by the Settlement Agreement signed by the parties, attached hereto as Exhibit 1.

Proposed Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Form and Manner of Giving Notice to the Settlement Class, and Memorandum in support thereof, is its hereby ORDERED as follows:

### PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERIFICATION OF SETTLEMENT CLASS

1. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the settlement encompassed by the Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness so that notice of the settlement should be given as provided in this Order.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and conditionally certifies the following Settlement Class (the "Settlement Class"):

> All persons who purchased Ovcon 35 for personal or household use in the United States at any time during the period from April 22, 2004 through the date of the Preliminary Approval Order. Excluded from the Settlement Class are all governmental entities and the Defendants, their directors, officers and employees, and their respective subsidiaries and affiliates.

3. The Court finds that conditional certification of the Settlement Class is warranted in light of the settlement because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the

2

Settlement Class. The Court also finds settlement of this action on a class-wide basis to be superior to other means of resolving this matter.

4. The Court hereby appoints the Law Offices of Robert W. Sink as counsel for the Settlement Class ("Class Counsel"), having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

## NOTICE TO POTENTIAL CLASS MEMBERS

5. Within 45 days of the date of entry of this Order, Class Counsel shall cause copies of the publication notices substantially in the form attached as Exhibit 2 to Plaintiffs' Motion to be published in weekend edition of *USA Today* and in the form attached as Exhibit 3 to appear on the Ovcon 35 website, and shall initiate the Internet notice campaign as described in Plaintiffs' Memorandum.

6. Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of Paragraph 5 of this Order.

7. The foregoing notice provisions are hereby found to be the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

## CLAIMS ADMINISTRATION

8. To effectuate the notice provisions, Class Counsel has designated BrownGreer PLC, as the Notice Administrator, which designation is hereby approved, to be responsible for: (a) establishing a P.O. Box and toll-free phone number for the purpose of communicating with Class Members; (b) disseminating notice to the

Settlement Class; and (c) accepting and maintaining documents sent from Class Members including opt-out forms and objections.

9.  The appointment of Robert W. Sink, Esquire, as Escrow Agent is hereby approved, and Class Counsel and counsel for Defendants are authorized to allow Robert W. Sink, Esquire, to release and disburse such funds from the Notice Account as are required to effectuate providing notice of the settlement to the Settlement Class as well as processing of all matters related thereto, up to and including the amount of $300,000. Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement detailing the disposition of the funds from the Notice Account.

10. As described in the notice to the Settlement Class, any Settlement Class member may opt-out of the Settlement Class by mailing a completed Request for Exclusion to the Notice Administrator within 45 calendar days after the first date of internet notice. Persons who properly and timely request exclusion from the Settlement Class shall not be bound by the terms and provisions of the Settlement Agreement.

11. Any potential member of the Settlement Class who does not properly and timely mail a request for exclusion as set forth in Paragraph 10 above shall be included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such potential member of the Settlement Class shall have objected to the Settlement.

## **THE FAIRNESS HEARING**

12. A Fairness Hearing is hereby scheduled to be held on _____, 2007 before the undersigned at 333 Constitution Avenue, N.W., Washington, D.C.

20001, Courtroom _____, to consider the fairness, reasonableness, and adequacy of the settlement.

13. Any potential member of the Settlement Class who has not been validly excluded from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the settlement, must serve upon Class Counsel and the Defendants, and file with the Court, received by counsel and the Court no later than 45 calendar days after the first date of internet notice, a statement of objection, as well as the specific reason(s), if any, for each objection, including any legal support the potential member of the Settlement Class wishes to bring to the Court's attention and any evidence the potential member of the Settlement Class wishes to introduce in support of the objection. Potential members of the Settlement Class may do so either on their own or through an attorney hired at their own expense.

14. Any such potential member of the Settlement Class who files and serves a written objection, as described above, may appear at the final hearing, either in person, or through personal counsel hired at the potential member of the Settlement Class's expense, to object to the fairness, reasonableness, or adequacy of the settlement. Potential members of the Settlement Class, or their attorneys, intending to make an appearance at the final hearing, must serve on Class Counsel and Defendants, and file with the Court, received by counsel and the Court no later than 45 calendar days after notice is mailed, a notice of intention to appear.

15. Any potential member of the Settlement Class who fails to comply with the provisions of the preceding Paragraphs 13 and 14 shall waive and forfeit any and all rights the potential member of the Settlement Class may have to appear separately and/or

5

to object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in this Action.

16. No later than 15 calendar days from the opt-out date, Plaintiffs shall file their motion for final approval of the settlement and their motion for fees, expenses and incentive awards.

17. At or before the final Fairness Hearing, Plaintiffs and Defendants shall jointly seek entry of a final judgment order to this Court for entry, the text of which Plaintiffs and Defendants shall agree upon. The parties shall afford each other a reasonable opportunity of no fewer than five business days to review and comment on draft motions and supporting papers relating to final approval. The final judgment order presented to the Court shall, among other things:

   a. finally approve the Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms; and

   b. direct that, as to Warner Chilcott and Barr, the Action be dismissed with prejudice, without fees or costs to any party, except as provided in this Settlement Agreement; and

   c. retain exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement; and

   d. declare this Settlement Agreement to be binding on all Class Members and preclusive on all pending and future lawsuits or other proceedings by Class Members; and

e. certify the Settlement Class for settlement purposes; and

f. find that the Plaintiffs Cohen and Croonquist and Class Counsel fairly and adequately represent the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement; and

g. incorporate the release set forth in this Settlement Agreement and forever discharge the Releasees from any and all Released Claims; and

h. bar and enjoin all Class Members from filing or continuing to prosecute any lawsuit, action, or arbitration against the Defendants in any jurisdiction based on or relating to the facts and circumstances underlying the Released Claims.

SO ORDERED this _____ day of _____, 2007.

_____
Colleen Kollar-Kotelly
United States District Judge