UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LEGAL NOTICE**

**If You Purchased Ovcon 35, the Settlement of a Class Action Lawsuit May Affect Your Rights.**
A Federal Court authorized this notice.

A settlement has been proposed in a class action lawsuit to settle claims of consumers who purchased Ovcon 35 for personal or household use in the United States at any time during the period from April 22, 2004 through [ADD DATE OF PRELIMINARY APPROVAL ORDER].

If the settlement is approved, the Defendants will donate a combined $6,000,000 worth of prescription oral contraceptives throughout the United States within a three year period. The Plaintiffs and Defendants agree that it would not be practical to otherwise distribute products to the Class, because of the large size of the Class and because of the small amount of harm to each individual Class Member.

This Settlement resolves a class action filed in the United States District Court for the District of Columbia. Plaintiffs in this lawsuit say that an agreement between Warner Chilcott and Barr, where Barr was paid not launch a generic form of Ovcon-35, violated state and federal laws and caused Class members to pay higher prices for Ovcon-35. Warner Chilcott and Barr deny that they did anything improper or illegal and deny that consumers suffered any damages. The Court has not made a final decision about the issues in the lawsuit. This case is not about the safety or efficacy of Ovcon-35.

The lawyers who represent the Plaintiffs will ask the Court for an award of fees and expenses and an award of incentive payments of up to $7,500 each to two individual Plaintiffs who filed the lawsuit. The Court will decide what amount of fees and expenses are reasonable, and whether to award the requested incentive payments, but the awards will not total more than $2,000,000. The attorneys' fees and expenses and the incentive awards will be paid by Warner Chilcott and Barr. These payments will not reduce the amount of products that Warner Chilcott and Barr will donate.

Your legal rights will be affected. Please read this notice carefully.

| Your Legal Rights and Your Options in This Settlement | | |
|---|---|---|
| **Your Options** | **What They Mean** | **Deadlines** |
| Exclude Yourself | You can ask to be left out of the settlement.  You will keep the right to sue, or continue to sue, Warner Chilcott and Barr about the claims that are resolved by the settlement. | Mailed and post-marked on or before _____, 2007 |
| Object | If you remain part of the Class and you don't like the settlement, or any part of it, you can write to the Court to explain why. | Mailed and post-marked on or before _____, 2007 |
| Speak at a hearing on _____, 2007 | If you remain part of the Class, you can write to the Court and ask to speak at the hearing on _____, 2007 when the Court considers the fairness of the settlement. | Mailed and post-marked on or before _____, 2007 |
| Do nothing | You will be included in the settlement.  You give up the right to sue, or continue to sue, Warner Chilcott and Barr about the claims that are resolved by the settlement. | |

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION

**1. Why has this notice been issued?**
You have a right to know about a proposed settlement of this class action lawsuit and about your options before the Court decides whether to approve the settlement.  This notice is for everyone who purchased Ovcon-35 for personal or household use at any time during the period from April 22, 2004 through [ADD DATE OF PRELIMINARY APPROVAL ORDER].  This notice explains the lawsuit, the settlement, your legal rights, what benefits will be provided, and who will receive those benefits.

This lawsuit is named *Stephanie Cohen and Sunda Croonquist, individually and on behalf of all others similarly situated v. Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. and Barr Pharmaceuticals, Inc.*, 1:06-cv-00401 (CKK) (DDC).  The Court that is in charge of the settlement of this case is the United States District Court for the District of Columbia.  The judge hearing the lawsuit is the Honorable Colleen Kollar-Kotelly.  The people who sued are called the Plaintiffs.  The companies they sued, Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. (collectively "Warner Chilcott") and Barr Pharmaceuticals, Inc ("Barr") are called the Defendants.

**2. What is this lawsuit about?**
Plaintiffs in this lawsuit say that an agreement between Warner Chilcott and Barr, where Barr was paid not launch a generic form of Ovcon-35, violated state and federal laws and caused Class members to pay higher prices for Ovcon-35. Warner Chilcott and Barr deny that they did anything improper or illegal and deny that consumers suffered any damages. The Court has not made a final decision about the issues in the lawsuit. This case is not about the safety or efficacy of Ovcon-35.

**3. What is a class action?**
In a class action lawsuit, one or more plaintiffs bring a lawsuit on behalf themselves and also, as class representatives, on behalf of other persons who may have similar claims. All of these persons together are called a "Class" or "Class members." In this settlement, all of the persons in the Class are consumers.

The decisions of the United States District Court for the District of Columbia will apply to all members of the Class, except for those who chose to exclude themselves.

**4. Why is there a settlement?**
Plaintiffs and Defendants agreed to settle the lawsuits after extensive negotiations. Plaintiffs' Counsel believe that the proposed settlement is fair and reasonable and in the best interest of the class because the settlement will provide $6,000,000 worth of prescription oral contraceptives to consumers (through charitable organizations providing reproductive healthcare services to women, physicians who do not currently receive samples of oral contraceptives from the Defendants, and/or university health centers or clinics), while avoiding the considerable risks, delays, and expenses involved in continuing the prosecution of this lawsuit. Defendants have agreed to settle this lawsuit to avoid the expense, distraction, and uncertainty of continued litigation.

## WHO IS INCLUDED IN THE SETTLEMENT

**5. How do I know if I am a Class member?**
You are a Class Member if all of the following apply to you:
You are a consumer;
You purchased Ovcon-35 in the United States;
You purchased Ovcon-35 at any time during the period of April 22, 2004 through [ADD DATE OF PRELIMINARY APPROVAL ORDER]; and
You purchased Ovcon-35 for yourself or a member of your household.

**6. Are there any exceptions to being included as a Class member?**
Yes. You are not a Class Member if any of the following applies to you:

You are an employee, officer, or director of Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. or Barr Pharmaceuticals, Inc.

3

You purchased Ovcon-35 for resale; or

You choose to exclude yourself from the settlement.

## THE SETTLEMENT BENEFITS

**7. What will the settlement provide?**
Defendants have agreed to donate a combined $6,000,000 worth of prescription oral contraceptives at retail value throughout the United States within a three-year period beginning on the effective date of any Court-approved settlement. Defendants will pay all costs associated with the donation of these products. Defendants shall donate the prescription oral contraceptives to one or more of the following:

Primary care physicians not currently receiving samples of the Warner Chilcott and Barr Products who prescribe combined hormonal contraceptives;

University health centers or clinics; or

Charitable organizations providing reproductive healthcare services to women.

Defendants will pay a combined $300,000 in cash for expenses associated with providing the Class notice of this settlement. Defendants will also pay a combined total of $2,000,000 in cash for amounts that the Court may award as fees and expenses to the lawyers who represent the Plaintiffs and as incentive payments of up to $7,500 to each of the two class representatives. Any fees, expenses, and incentive awards will not reduce the amount of the pharmaceutical products that Defendants will donate.

**8. Why are benefits being provided only to certain organizations and physicians providing healthcare?**
The parties believe that a "*cy pres*" program should be used to distribute the benefits of the settlement. "*Cy pres*" means "as near as possible," and it is a legal concept for dealing with situations where money or goods cannot be returned to their owner or beneficiary. Courts generally find *cy pres* relief proper where it is impossible or impracticable to provide compensation directly to those who may have been harmed by an alleged wrong, where there is a strong relationship between the distribution of the product and the class benefited, and where the benefit furthers the public interest. Here it is not practical or economical to provide benefits directly to individual Class members because the Class is very large, the amount involved in each transaction is very small, and Class members are spread out over a wide geographic area. In addition, most Class members will not have kept records that confirm their Ovcon-35 purchases or the amount that they paid for Ovcon-35, so that it would be costly to identify the proper claimants and determine what amount to distribute to them. Thus, individual cash payments to the Class members would not be economically feasible.

For these reasons, Plaintiffs and Defendants agree that the cost of distributing any kind of benefit directly to Class members would consume too much of the settlement benefits. Instead, they believe that providing the organizations and physicians with the products will indirectly benefit the Class members. Accordingly, Plaintiffs and Defendants believe that this is a fair and a reasonable way to settle this lawsuit.

**9. What am I giving up if I do nothing and stay in the Class?**
If you do nothing, you will stay in the Class. If the settlement is approved, Plaintiffs will dismiss the lawsuit. All Class members will give up their right to sue, or continue to sue, Defendants for a claim that they paid too much for purchases of Ovcon-35 made between April 22, 2004 and [ADD DATE OF PRELIMINARY APPROVAL ORDER]. The released claims do not include claims that relate to an alleged product defect, personal injury, or breach of contract. The full release is contained in the Settlement Agreement (available on the website described below), and you should review it if you have any questions.

## THE LAWYERS REPRESENTING YOU

**10. Do I have a lawyer in the lawsuit and settlement?**
Yes. Court has appointed lawyers to represent you and all of the other Class members. These lawyers are called Plaintiffs' Counsel. You will not be individually charged for these lawyers. You can contact Plaintiffs' Counsel at the following address:

Law Offices of Robert W. Sink
319 W. Front St.
Media, PA 19063

**11. Who pays the lawyers, and how much will they be paid?**
From the beginning of this lawsuit, Plaintiffs' Counsel have not been paid for their services. They have also not been reimbursed for their out-of–pocket expenses. Defendants have agreed to pay up to a total of $2,000,000 in cash for out-of-pocket expenses, counsel fees, and incentive awards to the Class Representatives. Plaintiffs' Counsel will ask the Court to award out-of-pocket expenses, counsel fees, and incentive awards to the Class Representatives. Defendants have agreed not to object to Plaintiffs' Counsel's requests, provided that they do not seek a total distribution in excess of $2,000,000. These payments will not reduce the amount of products that Defendants have agreed to donate.

Plaintiffs' Counsel will file their request for attorneys' fees, expenses, and incentive payments with the Court on or before_____, 2007. Any attorneys' fees, expenses, and incentive payments awarded by the Court will be paid separately from, and will not reduce the benefits provided under this settlement. Under no circumstances will Class members be personally liable for any attorneys' fees or expenses of Plaintiffs' Counsel or for incentive payments to the Plaintiffs who filed the lawsuit.

**12. Should I get my own lawyer?**
You don't need to hire your own lawyer because the Court has appointed Plaintiffs' Counsel to represent you.  However, you are entitled to retain your own lawyer to represent you, but you will have to pay that lawyer yourself.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. What if I don't want to be part of the settlement?**
If you do not want to participate in the settlement or be a member of the Class, or if you want the right to sue on your own over the claims that are being resolved by the settlement, you must take steps to get out of the Class.  This is called "excluding yourself" or "opting out" of the settlement.  If you exclude yourself, you will not be able to object to the settlement, but you will keep the right to file or continue your own lawsuit over the claims that are being settled in this case.

**14. How do I exclude myself from the settlement?**
To exclude yourself from the settlement, you must mail a request for exclusion letter that states that you want to be excluded from the lawsuit and the Settlement.  Your request for exclusion letter must be signed and it must be mailed and postmarked on or before_____, 2007.  Your letter must contain all of the following:
   Your name, address, and telephone number;
   The name and number of the lawsuit:
   A statement that you wish to be excluded from the lawsuit and the settlement; and
   Your signature.

You cannot exclude yourself by phone or email.  All requests for exclusion letters must be mailed to:
   Ovcon-35 Consumer Settlement
   P.O. Box
   Richmond, VA 23285

**IMPORTANT REMINDER: THE COURT REQUIRES THAT REQUESTS FOR EXCLUSION BE MAILED AND POSTMARKED BY _____, 2007.  DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE FOR THIS LAWSUIT.**

## OBJECTING TO THE SETTLEMENT

**15. Can I tell the Court if I don't like the settlement?**
If you are a Class member and you don't exclude yourself, you can tell the Court if you don't like the settlement or some part of it.  This is called "objecting to the settlement."  The Court will consider your views.

6

**16. How do I object to the settlement?**
To object, you must send an objection letter that states you want to object to the proposed settlement. Your letter must be filed with the Clerk of Court at United States District Court for the District of Columbia, United States Courthouse, 333 Constitution Ave., NW, Washington, D.C. 20001 by _____, 2007 and mailed and postmarked to the address below on or before _____, 2007. Your letter must contain all of the following:

> Your name, address, and telephone number;
> The name and number of the lawsuit;
> A statement of the reasons why you object to the settlement;
> A statement as to whether you or your lawyer wish to speak at the Court's final Fairness Hearing;
> If you wish to speak at the hearing, you also need to follow the additional instructions under question 21.

You cannot object by phone or email. All objection letters must be mailed to:
> Ovcon-35 Consumer Settlement
> P.O. Box
> Richmond, VA 23285

**IMPORTANT REMINDER: THE COURT REQUIRES THAT OBJECTIONS BE MAILED AND POSTMARKED BY _____, 2007. DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE FOR THIS LAWSUIT.**

**17. Can I object without attending the hearing?**
Yes. You can object to the settlement by sending an objection letter following the instructions in Question 16. The Court will consider your objection whether or not you attend the hearing. If you do wish to speak at the hearing or if you want your lawyer to speak for you, you must file a Notice of Appearance with the Court. The instructions for filing the Notice of Appearance are given in the response to Question 21 below.

**18. What is the difference between objecting and excluding myself?**
Objecting is the way that you can tell the Court that there is something that you don't like about the settlement. You can only object to the settlement if you stay in the Class.

Excluding yourself is the way you tell the Court that you don't want to be part of the Class and the settlement. If you exclude yourself, you keep the right to file your own lawsuit. If you exclude yourself, you cannot object because the settlement will not affect you.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and Where will the Court decide to approve the settlement?**

7

The Court will hold a final approval hearing called a "fairness hearing," to decide whether to approve the settlement. You do not need to attend the hearing, but you are welcome to attend if you so desire. The hearing will be held on _____2007, at ____ at the United States District Courthouse, Courtroom___, at 333 Constitution Ave., NW, Washington, D.C. 20001.

At the hearing the Court will consider whether to give final approval to the settlement. The Court has to decide whether the settlement is fair, reasonable, adequate, and whether it is in the best interest of the Class. The Court will listen to any Class members who have made a written request to speak at the hearing.

After the hearing, the Court will decide whether to approve the settlement, how much to pay the Plaintiffs' Counsel, and whether the incentive awards will be paid to the class representatives. We do not know when the Court will issue its decisions.

**20. Do I have to come to the hearing?**
No. You do not have to come to the final Fairness Hearing unless you want to do so. Plaintiffs' Counsel will speak on your behalf and they will answer any questions the Court may ask. You are welcome to attend at your own expense. You may also retain a lawyer to attend your own expense, but it is not necessary.

**21. Can I speak at the hearing?**
If you stay in the Class and you want to speak at the final Fairness Hearing (or have your lawyer speak for you), you must send the Court a paper called a "Notice of Appearance." Your Notice of Appearance must be mailed and postmarked on or before _____, 2007. Your Notice of Appearance should contain all of the following:

 Your name, address, and telephone number;
 The name and number of the lawsuit;
 The words "Notice of Appearance" at the top of the page;
 A statement that you (or your lawyer) wish to speak at the Court's final Fairness Hearing;
 A statement of the position that you (or your lawyer) plan to take on the settlement and your reasons for that position; and
 If you want the Court to consider any written materials that support your position, you must include those materials with your Notice of Appearance.

 Your Notice of Appearance, including any written materials that you want the Court to consider, must be mailed to <u>each</u> of the following two places:

 Clerk of Court
 United States District Court for the District of Columbia
 United States Courthouse
 333 Constitution Ave., NW, Washington, D.C. 20001

 Ovcon-35 Consumer Settlement

    P.O. Box
    Richmond, VA 23285

**IMPORTANT REMINDER: THE COURT REQUIRES THAT NOTICES OF APPEARANCE BE MAILED AND POSTMARKED BY _____, 2007.  DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE FOR THIS LAWSUIT**.

### GETTING MORE INFORMATION

**22. Are there more details about the settlement?**

Yes.  This notice summarizes the most important aspects of the settlement.  More details are in the Settlement Agreement.  You may read the Settlement Agreement at http:www.ovcon35settlement.com.  You may also read the Settlement Agreement, or other documents filed in this lawsuit during regular business hours at the office of the Clerk of Court, United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.  In addition, if you register and pay user fees, public access to the court records in this case are available through PACER at http://pacer.psc.uscourts.gov/register.html.  If you would like copies of any of the documents in the Court's file you will have to pay for the documents yourself.

You may also write to Robert Sink at the Law Offices of Robert W. Sink, 319 W. Front St., Media, PA 19063 to request additional information.  Please include your name, address, and telephone number on any correspondence.

Please do not contact the Court or the Clerk's Office for information about this notice or about the settlement.