UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE COHEN and<br>SUNDA CROONQUIST,<br>Individually and on Behalf of Others<br>Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC<br>LIMITED COMPANY, ET AL.,<br><br>       Defendants. | )<br>)<br>)<br>)   CIVIL ACTION NO. 1:06cv00401 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF APPEARANCE, OBJECTION TO CLASS
SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

Rita R. Morales ("Objector"), through the undersigned Counsel, files this Objection to Class Settlement and Application for Attorneys' Fees and Expenses. She purchased Ovcon 35 for personal or household use between April 22, 2004 and June 27, 2007. Her name, address and telephone number are as follows:

Rita R. Morales
6635 South Staples, #1714
Corpus Christi, Texas 78413
(361) 877-7884

Counsel will be unable to appear and argue at the fairness hearing scheduled on November 6, 2007 and, therefore, asks that these objections be submitted on the pleadings.

**I. Summary of Proposed Settlement**

This matter involves the proposed settlement of a class action lawsuit involving allegations that consumers overpaid for Ovcon 35 due to an agreement between Warner Chilcott and Barr whereby Barr agreed not to launch a generic form of Ovcon 35 in return for payments

by Warner Chilcott. The settlement of this lawsuit will result in charitable donations of prescription oral contraceptives to charitable organizations, physicians and university health centers allegedly valued at $6,000,000. No money will be paid to consumers who overpaid for Ovcon 35 due to the agreement between Warner Chilcott and Barr. Nothing is being done to cause the launch of a generic form of Ovcon 35. The only fixed, monetary components of the settlement are the $2 million attorneys' fees sought by class counsel, $300,000 in expenses repaid to attorneys and $7,500 in incentive fees to class representatives.

## II. Review of Proposed Class Settlement

In determining whether a class action settlement should be approved, the Court must decide whether it is fair, adequate and reasonable under the circumstances and whether the interests of *the class as a whole* are better served if the litigation is resolved by the settlement rather than pursued through trial. *Manual for Complex Litigation (Third)*, § 3042 (emphasis added); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). The Court's oversight role is crucial if the interests of absent class members are to be guarded:

> Despite the potential benefits of class actions, there remains an overarching concern --that absentees' interests are being resolved and quite possibly bound by the operation of res judicata even though most of the plaintiffs are not real parties to the suit. The protection of the absentees' due process rights depends in part on the extent the named plaintiffs are adequately interested to monitor the attorneys (who are of course, presumed motivated to achieve maximum results by the prospect of substantial fees), and also on the extent the class representatives have interests that are sufficiently aligned with the absentees to assure that the monitoring serves the interests of the class as a whole. In addition, the court plays the important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 784 (3rd Cir. 1995). Moreover, the proponents of class action settlements bear the burden of developing a

record demonstrating that the settlement distribution is fair, adequate and reasonable. *Holmes v. Cont'l Can Co.,* 706 F.2d 1144, 1147 (11th Cir. 1983).

### III. Proposed Settlement Is Unfair, Inadequate And Unreasonable

Based upon the evidence currently before the Court, the proposed settlement is unfair, inadequate and unreasonable. The liability case against the Defendants is strong based upon Plaintiff's own pleadings. Damages at issue are well into the tens of millions of dollars, perhaps more. Balanced against the class-wide relief – nothing – this settlement is grossly inadequate. While charitable donations should be encouraged, this settlement does nothing to either compensate the class for the monies they overpaid for Ovcon 35 during the class period, nor does it result in the launch of a generic Ovcon 35 in the future.

### IV. Proposed Attorneys' Fees Are Excessive

Fee award proceedings are result-oriented. Except for fees authorized to punish a party or counsel for sanctionable conduct, fees are authorized by statute and by common fund and substantial benefits principles only to those who demonstrate some level of success in obtaining the litigation benefits sought. Conte, *Attorney Fee Awards,* § 1.02 (2d Ed.). Accordingly, the paramount issue that this Court must consider prior to an award of attorneys' fees is whether or not class counsel can demonstrate a level of success in obtaining the litigation benefits originally sought when the underlying lawsuit was commenced. The Court must also conduct a critical analysis as to whether the amount of attorneys' fees requested is commensurate with that level of success. Here, there is no success. The class gets nothing under the proposed settlement, not even discount coupons for oral contraceptives. Based upon the utter lack of success to provide any compensation to the class, the attorneys' fees and expenses are grossly excessive.

WHEREFORE, PREMISES CONSIDERED, Objector respectfully requests the Court grant these objections to the class settlement and attorneys' fees and deny the parties' request to approve their proposed settlement.

Respectfully submitted,

By:     /s/ John E. Carpenter
Mr. John E. Carpenter, Esq.
Bar No. 420756
910 17th Street NW  Suite 800
Washington, D.C.  20006
(202) 887-5445  Telephone
(202) 293-3596 Telecopier
Jecindc1@aol.com

Christopher A. Bandas
State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78411
(361) 698-5200 Telephone
(361) 698-5222 Telecopier

ATTORNEYS-IN-CHARGE FOR OBJECTOR

## CERTIFICATE OF SERVICE

On this the 17th day of September, 2007, a true and correct copy of the above and foregoing instrument was duly served by certified mail, return receipt requested upon the following counsel of record:

Robert W. Sink
319 West Front Street
Media, PA 19063

Ovcon Notice Administrator
P.O. Box 85006
Richmond, VA 23285-5006

       /s/ John E. Carpenter
John E. Carpenter