UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>      Defendants. | Civil Action No: 1:06CV00401 (CKK)<br><br>Jury Trial Demanded |

**CONSUMER PLAINTIFFS' RESPONSE TO OBJECTION TO CLASS SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

Consumer Plantiffs respond below to the Notice of Appearance, Objection to Class Settlement and Application for Attorneys Fees and Expenses of Rita R. Morales, filed by Christopher Bandas, Esquire of Corpus Christi, Texas and his local counsel, John E. Carpenter, Esquire of Washington, D.C., on September 17, 2007.

**1. <u>This Single Objection Was Made For An Improper Purpose By A Professional Objector.</u>**

The existence of relatively few objections counsels in favor of approval of a class action settlement. *Cf. In re Lorazepam*, 2003 WL 22037741, at *5. Here, not a single

consumer opted-out, and there was only one objection out of approximately two million consumers.

The sole objection was filed on behalf of Rita Morales by Christopher Bandas, Esquire, a professional objector who filed a ***virtually identical*** objection to a product donation settlement in *Conroy v. 3M Corporation*, No. C-00-2810 CW (N.D.Ca. Apr. 21, 2006). For the same reasons given here, Bandas objected in *Conroy* to a settlement involving donation of 3M products to charity.[1] The *Conroy* court overruled Bandas' objection, granting final approval of the settlement, and Bandas appealed. The *Conroy* court then ordered Bandas to post a $431,167.00 appellate cost bond[2], finding "…that the Bandas Law Firm and [another class member's] objections to the proposed settlement were unfounded, and therefore views their appeals are unlikely to succeed."[3]

In support of its ruling that Bandas' appeal was "unfounded," the *Conroy* court stated:

> The Bandas Law firm objected to the award to charities as inadequate to compensate Settlement Class members, yet it ignored the … legal authority supporting *cy pres* awards in the context of similar settlements; the costs of administering any settlement involving direct compensation of Class members; and the judgment of the parties and an experienced mediator that the settlement was fair in light of facts such as the strength of Plaintiffs' case and the risk, expense, complexity and likely duration of further litigation.[4]

Bandas then appealed the order requiring him to post an appellate bond. With the final approval and appellate bond orders effectively tied-up on appeal, Bandas then extracted a

---

[1] *See* Notice of Appearance, Objection to Class Settlement and Application for Attorneys Fees, *Conroy v. 3M Corporation, et al.*, No. C-00-2810 CW (N.D.Ca. filed Mar. 28, 2006) (Exhibit 1).
[2] Pursuant to F.R.A.P. 7.
[3] Order Granting Plaintiffs' Motion for Appellate Bond, *Conroy v. 3M Corporation, et al.*, No. C-00-2810 CW (N.D.Ca. filed Aug. 10, 2006) (Exhibit 2).
[4] *Id.*

settlement in excess of one hundred thousand dollars in exchange for simply withdrawing his appeal, without procuring any benefit for class he was claiming to safeguard.[5]

This tactic has long been recognized as improper. As stated in the Manual for Complex Litigation, Fourth:

> Some objections, however, are made for improper purposes, and benefit only the objectors and their attorneys (e.g., by seeking additional compensation to withdraw even ill-founded objections). An objection, even of little merit, can be costly and significantly delay implementation of a class settlement. Even a weak objection may have more influence than its merits justify in light of the inherent difficulties that surround review and approval of a class settlement. Objections may be motivated by self-interest rather than a desire to win significant improvements in the class settlement. A challenge for the judge is to distinguish between meritorious objections and those advanced for improper purposes.
> *Manual for Complex Litigation, Fourth*, 21.643, p. 427.

Since withdrawing the *Conroy* appeal in exchange for compensation, Bandas has filed a spate of virtually identical objections to class action settlements involving product and cash donations. In just six days -- between September 15 and 20, 2007 -- Bandas filed three virtual carbon-copy objections to three proposed class action settlements, including this one.[6] A cursory comparison of the objections reveals that they are all cookie-cutter versions of the objection in *Conroy, supra*. Compare Exhibit 1 with Exhibits 4 - 6.

---

[5]  Class Counsel in *Conroy*, Aaron Darsky, Esquire of Schubert & Reed LLP in San Francisco, California confirmed this on September 26, 2007.

[6]  *See:*
Objection to Proposed Class Settlement and Application for Attorneys Fees and Expenses, *Higgins v. Archer Daniels Midland Company, et al.,* D-0202-CV-200306168 (Second Judicial District Court, New Mexico filed Sept. 15, 2007) (Exhibit 3),

Notice of Appearance, Objection to Class Settlement and Application for Attorneys Fees, *Cohen, et al. v. Warner Chilcott Public Limited Company, et al.*, 1:06CV00401-CKK (D.D.C. filed Sept. 17, 2007) (Exhibit 4), and

Notice of Appearance, Objection to Class Settlement and Application for Attorneys Fees, *Plum, et al. v. Bayer A.G., et al.*, Docket No. 06-CA-2032-16G (Circuit Court for the Eighteenth Judicial Circuit, Florida filed Sept. 20, 2007) (Exhibit 5).

Evidently the pay-off Bandas received in *Conroy* whet his appetite for more, and he has now filed multiple objections that are nearly identical to the one he abandoned earlier. Bandas has no interest in pursuing the merits of what Judge Wilken had labeled an "unfounded" objection. Bandas had an opportunity to have an appellate court decide the merits of his objection in *Conroy*, but instead abandoned it in exchange for cash for himself. The evidence is overwhelming that this objection is frivolous and was made for the improper purpose of benefiting only the objector and her attorney.

2.  **The Objection is Meritless and Shows a Complete Lack of Understanding of the Complex Issues in this Case.**

Even ignoring the improper purpose for which it was filed, this barebones objection is completely meritless. The meager *four sentence* argument (which at best can be described as a "placeholder" objection) claiming that "the proposed settlement is unfair, inadequate and unreasonable" reflects no meaningful or particularized understanding of the complex issues in this case. As fully explained in the Joint Final Approval Memo, the value of the settlement is approximately 75 percent of Class Counsel's estimation of single damages – an excellent result. *See, e.g. In re Childrens' Ibuprofen Oral Suspension*, Misc. No. 1:04-mc-0535 (ESH) (D.D.C. Dec. 11, 2006) (approximately 25 percent of total damages approved); *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2004 U.S. Dist. LEXIS 10532, at *14-*15 (E.D.Pa. June 2, 2004) (collecting cases in which courts have approved settlements of 5.35 to 28 percent of estimated single damages in complex antitrust actions).

Nonetheless, the objector states – without any support – that "this settlement is grossly inadequate." Indeed, the objector lacks even the most basic lack of familiarity with this case; for example, he complains that the settlement was inadequate because it does not "result in the launch of a generic Ovcon 35 in the future." As this Court and the parties are aware, Barr publicly launched its generic *Balziva* in the fall of 2006, prior to the negotiation and execution of this Settlement Agreement, rendering that issue moot.

The objector's next complaint -- that "this settlement does nothing to…compensate the class for monies they overpaid" -- ignores the economic reality that a product donation is the only viable method of distribution in this case. As fully explained in the Joint Final Approval Memo, the cost of administering individual claims, as well as the cost to consumers of obtaining required records and proof of claims, would entirely swallow individual recoveries. Distributions such as this have been approved in other cases with similar circumstances where the cost of administration would consume any distributions. *See In re Childrens' Ibuprofen Oral Suspension*, Misc. No. 1:04-mc-0535 (ESH) (D.D.C. Dec. 11, 2006) ($3 million product donation settlement approved); *Conroy v. 3M Corporation*, No. C-00-2810 CW (N.D.Ca. Apr. 21, 2006) (approving settlement where 3M donated tape and other product valued at $41 million to charities throughout the United States). Indeed, the objector acknowledged that "…charitable donations should be encouraged." Recently, the *Wall Street Journal* reported that drug companies have stopped offering discounts for birth control pills to university health services, and that "[h]ealth professionals say it's particularly critical for college women to have access to cheap contraception." *College Students Face Rising Birth-Control Prices*, Wall St. J., July 26, 2007, at D1. That the proposed settlement allows for Warner

5

Chilcott and Barr to provide samples to university health centers demonstrates one clear way in which the settlement, though not a direct distribution to consumers, is designed to and will inure to the benefit of Ovcon consumers.

Finally, although Class Counsel achieved a settlement valued at approximately 75 percent of estimated damages, the objector next argues that proposed attorneys' fees are excessive because "[h]ere, there is no success." To the contrary, the success of this settlement is plain. It is telling that, despite demonstrating no investigation into the reasonableness of this settlement, counsel for the objector then requests attorneys' fees *for himself* for filing the objection. Simply stated, this barebones objection evidences no understanding of the complex issues in this case and lacks any merit.. The fact that there was only one objection and no opt-outs from such a large class raises a strong inference that Class Members are satisfied with the result. *Baan,* 284 F. Supp. 2d at 66, *citing In re Newbridge Networks Sec. Litig.,* 1998 WL 765724 at *2 (D.D.C. 1998).

Accordingly, for the foregoing reasons, Consumer Plaintiffs respectfully request that the Objection to Class Settlement of Rita Morales be overruled and the Application for Attorneys Fees and Expenses of Christopher Bandas, Esquire and John Carpenter, Esquire be denied.

                                                Respectfully submitted,

                                                /s/
                                                Robert W. Sink, Esquire, Bar No. PA0022
                                                **LAW OFFICES OF ROBERT W. SINK**
                                                319 West Front Street
                                                Media, PA 19063
                                                Tel:   610-566-0800
                                                Fax:  610-566-4408

Dated:  October 2, 2007                     *Attorneys for Plaintiffs*