UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
MAR 2 8 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

KATHLEEN CONROY and SHEELAGH CROWLEY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

3M CORPORATION a/k/a MINNESOTA MINING COMPANY, individually,

and

STAPLES, INC., against itself and all others similarly situated,

    Defendants.

Case No. C-00-2810CW

## NOTICE OF APPEARANCE, OBJECTION TO CLASS SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Bandas Law Firm, P.C., Objector herein, appears through counsel of record and files its Objection to Class Settlement and Application for Attorneys' Fees and Expenses. An Affidavit confirming Objector's purchase of 3M Invisible or Transparent Tape is attached hereto as Exhibit A. Counsel will be unable to appear and argue at the Fairness Hearing scheduled for April 21, 2006; accordingly, Counsel asks that these objections be submitted on the pleadings. Counsel also intends to rely upon all pleadings in the Court's file and all documents produced by the proponents of the settlement in discovery, including all discovery materials sought herein.

### I. Introduction

The proposed settlement will erase hundreds of millions of dollars in potential antitrust liability to 3M and its affiliates in return for the payment of $7.5 million in attorneys' fees and expenses and absolutely no class relief whatsoever. The only "class relief" contemplated by the

proposed settlement is the donation of 3M's products to charity. While such donations should be encouraged, they have nothing whatsoever to do with compensating the plaintiff class for the antitrust injury they suffered in the form of higher prices.

## II. Review of Proposed Class Settlement

In determining whether a class action settlement should be approved, the Court must decide whether it is fair, adequate and reasonable under the circumstances and whether the interests of *the class as a whole* are better served if the litigation is resolved by the settlement rather than pursued through trial. *Manual for Complex Litigation (Third)*, § 3042 (emphasis added); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). The Court's oversight role is crucial if the interests of absent class members are to be guarded:

> Despite the potential benefits of class actions, there remains an overarching concern --that absentees' interests are being resolved and quite possibly bound by the operation of res judicata even though most of the plaintiffs are not real parties to the suit. The protection of the absentees' due process rights depends in part on the extent the named plaintiffs are adequately interested to monitor the attorneys (who are of course, presumed motivated to achieve maximum results by the prospect of substantial fees), and also on the extent the class representatives have interests that are sufficiently aligned with the absentees to assure that the monitoring serves the interests of the class as a whole. In addition, the court plays the important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 784 (3rd Cir. 1995). Moreover, the proponents of class action settlements bear the burden of developing a record demonstrating that the settlement distribution is fair, adequate and reasonable. *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983).

## III. Notice Violates Due Process

The notice procedures utilized in class actions are of constitutional importance and must be viewed in due process terms. *Greenfield v. Villager Indust., Inc.*, 483 F.2d 824, 833-34 (3d

Cir. 1973) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Eastham v. Pub. Employees Ret. Ass'n Bd.*, 553 P.2d 679, 683 (N.M. 1976) ("[W]e hold that . . . procedural due process required notice to other members of the class whose rights would be affected."). Due process requires the members of the class be provided with the enough information to make an informed choice. *In re Fed. Skywalk Cases*, 97 F.R.D. 365, 367 (W.D. Mo. 1982). The settlement notice and the notice campaign in general were defective under these standards and, thus, violate due process.

## IV. Proposed Settlement Is Unfair, Inadequate And Unreasonable

Based upon the evidence currently before the Court, the proposed settlement is unfair, inadequate and unreasonable. The liability case against 3M is strong based upon Plaintiff's own pleadings. Damages at issue are well into the hundreds of millions of dollars, perhaps more. Balanced against the class-wide relief – nothing – this settlement is grossly inadequate.

## V. The Release Is Overly Broad

The release contained in the proposed settlement agreement is overly broad and releases claims that were neither investigated nor prosecuted against the released parties. "An advantage to the class, no matter how great, simply cannot be bought by the uncompensated sacrifice of claims of members," no matter how small. *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9, 19 (2d Cir. 1981); *see also Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp.2d 561, 578 (E.D. Pa. 2001) ("the court also finds that there exists 'inadequate consideration' for the broad release of claims proposed by the parties"). Moreover, the release extends to persons and entities never sued and that are paying no consideration in exchange for the release. Therefore, the proposed settlement is unfair due to a lack of consideration paid for

the release of certain uninvestigated and unprosecuted claims and due to the overbreadth of the release.

### VI. Proposed Attorneys' Fees Are Excessive

Fee award proceedings are result-oriented. Except for fees authorized to punish a party or counsel for sanctionable conduct, fees are authorized by statute and by common fund and substantial benefits principles only to those who demonstrate some level of success in obtaining the litigation benefits sought. Conte, *Attorney Fee Awards,* § 1.02 (2d Ed.). Accordingly, the paramount issue that this Court must consider prior to an award of attorneys' fees is whether or not class counsel can demonstrate a level of success in obtaining the litigation benefits originally sought when the underlying lawsuit was commenced. The Court must also conduct a critical analysis as to whether the amount of attorneys' fees requested is commensurate with that level of success. Here, there is no success. The class gets nothing under the proposed settlement, not even discount coupons for tape. Based upon the utter lack of success to provide any compensation to the class, the attorneys' fees are grossly excessive.

WHEREFORE, PREMISES CONSIDERED, Objector Bandas Law Firm, P.C. respectfully requests the Court grant these objections to the class settlement and attorneys' fees and expenses and deny the parties' request to approve their proposed settlement. Moreover, Objector requests that the Court order plaintiffs' counsel produce itemized time and expense records in support of their fee application in this case. Counsel for Objector is willing to agree to keep such records confidential and only to use them for the purpose of this objection and any appeal. All drafts of the settlement agreement and all communications between class counsel

and counsel for the settling defendants relating to settlement negotiations and attorneys' fees and expenses.

                Respectfully submitted,

                BANDAS LAW FIRM, P.C.

        By: _____
                Christopher A. Bandas
                State Bar No. 00787637
                500 North Shoreline Blvd., Suite 1020
                Corpus Christi, Texas 78471
                (361) 698-5200 Telephone
                (361) 698-5222 Facsimile

                COUNSEL FOR OBJECTOR,
                BANDAS LAW FIRM, P.C.

## CERTIFICATE OF SERVICE

On this the 27TH day of March, 2006, a true and correct copy of the above and foregoing instrument was duly served by certified mail, return receipt requested upon the following counsel of record:

Invisible Tape Settlement Administrator
Rust Consulting, Inc.
P.O. Box 274
Faribault, MN 55021

_____
Christopher A. Bandas

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN CONROY and SHEELAGH  :
CROWLEY, on behalf of themselves and  :
all others similarly situated,  :
                                                               :
        Plaintiffs,  :

v.  :

3M CORPORATION a/k/a MINNESOTA  :    Case No. C-00-2810CW
MINING COMPANY, individually,  :

and  :

STAPLES, INC., against itself and all others:
similarly situated,  :

        Defendants.  :

### AFFIDAVIT OF ELIZABETH AMANDA BURCH

THE STATE OF TEXAS       §

COUNTY OF NUECES      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared ELIZABETH AMANDA BURCH, Employee of Objector in the above-captioned cause of action, who first being duly sworn according to law, on her oath deposed and said:

"My name is Elizabeth Amanda Burch. I am over the age of 18 years of age. I reside in Nueces County, Texas. I am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

I purchase office supplies for Bandas Law Firm, P.C. and have purchased 3M Invisible and Trasparent Tape on numerous occasions.

DATED this the 27th day of March, 2006.



PLAINTIFF'S EXHIBIT A

_____
Elizabeth Amanda Burch, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this the 27th day of March, 2006, to certify which witness my hand and official seal.

_____
Notary Public

[Notary Seal: M. MARGOT VALDEZ, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 04-22-2006]

WHEREFORE, Petitioner Christopher A. Bandas respectfully requests that this Court grant his motion to appear as counsel in the above-captioned litigation on behalf of Bandas Law Firm, P.C..

Respectfully submitted,

BANDAS & LAWS, P.C.

By: _____
Christopher A. Bandas
State Bar No. 00787637
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

ATTORNEYS-IN-CHARGE FOR OBJECTOR
BANDAS LAW FIRM, P.C.

## CERTIFICATE OF SERVICE

On this the 27TH day of March, 2006, a true and correct copy of the above and foregoing instrument was duly served by certified mail, return receipt requested upon the following counsel of record:

Invisible Tape Settlement Administrator
Rust Consulting, Inc.
P.O. Box 274
Faribault, MN 55021

_____
Christopher A. Bandas

2