ENDORSED
FILED IN MY OFFICE THIS

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SEP 1 5 2006

*Juanita M. Duran*
CLERK DISTRICT COURT

EUGENE HIGGINS, and )
COLLEEN AUER, ET AL., )
on behalf of themselves and )
all other similarly situated, )
      Plaintiffs, )
       )
v. )
       )
ARCHER DANIELS MIDLAND )
COMPANY, ET AL., )
      Defendants. )
       )

D-0202-CV-200306168

## OBJECTION TO PROPOSED CLASS SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Janet Louise Petrus ("Objector") appears through her counsel of record and files her Objection to Proposed Class Settlement and Application for Attorneys' Fees and Expenses. An Affidavit confirming Objector's indirect purchase of products believed to contain MSG and/or Nucleotides during the class period in the applicable states is attached hereto as Exhibit A. Counsel for Objector will not be able to attend the fairness hearing scheduled for October 25, 2006; consequently, Objector requests that her objection be submitted on the pleadings. In making this objection, counsel intends to rely upon all pleadings and orders in the Court's file.

### I. Review of Proposed Class Settlements

In determining whether a class action settlement should be approved, a court must decide whether it is fair, adequate and reasonable under the circumstances and whether the interests of *the class as a whole* are better served if the litigation is resolved

by the settlement rather than pursued through trial. *Manual for Complex Litigation (Third)*, § 3042 (emphasis added); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). The Court's oversight role is crucial if the interests of absent class members are to be guarded:

> Despite the potential benefits of class actions, there remains an overarching concern —that absentees' interests are being resolved and quite possibly bound by the operation of res judicata even though most of the plaintiffs are not real parties to the suit. The protection of the absentees' due process rights depends in part on the extent the named plaintiffs are adequately interested to monitor the attorneys (who are of course, presumed motivated to achieve maximum results by the prospect of substantial fees), and also on the extent the class representatives have interests that are sufficiently aligned with the absentees to assure that the monitoring serves the interests of the class as a whole. In addition, the court plays the important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 784 (3rd Cir. 1995). Moreover, the proponents of class action settlements bear the burden of developing a record demonstrating that the settlement distribution is fair, adequate and reasonable. *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983). The proposed settlement is not fair, adequate or reasonable to the absent class members and should not be approved by this Court.

## II. Class Notice Was Fatally Defective

The notice procedures utilized in class actions are of constitutional importance and must be viewed in due process terms. *Greenfield v. Villager Indust., Inc.*, 483 F.2d 824, 833-34 (3d Cir. 1973) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Eastham v. Pub. Employees Ret. Ass'n Bd.*, 553 P.2d 679, 683 (N.M. 1976) ("[W]e hold that . . . procedural due process required notice to other

members of the class whose rights would be affected."). Due process requires the members of the class be provided with the enough information to make an informed choice. *In re Fed. Skywalk Cases*, 97 F.R.D. 365, 367 (W.D. Mo. 1982). Both the short and long versions of the settlement notice were defective under these standards and, thus, violate due process.

First, the class definition is vague and ambiguous. It does not list which brand name products containing MSG and/or Nucleotides are manufactured by the Settling Defendants. No information is given about the respective market shares of each Settling Defendant. The class notice refers to products manufactured by "affiliates" of the Settling Defendants, but does not ever identify who those affiliates are. Moreover, class membership is never defined in terms more concrete than "your rights may be affected" and "settlement of these lawsuits could affect you." In short, the class notices fail to define based on objective, presently-ascertainable who is within the class and who is without the class. Based upon the class notice, one can only guess as to whether one is truly a class member.

Objector attempted to address this defect in her affidavit by identifying specific products which she purchased during the class period; however, the notice is still fatally defective because it fails to provide adequate information to allow consumers to determine whether they are in fact class members, not merely whether they "may" be class members. Without a list of the products at issue, the market shares of the Settling Defendants, the identities of the "affiliates," and a clear, unequivocal class definition ("shall" and "is" rather than "may" and "could"), Objector does not even know for sure if

she is a class member based upon the class notice. Based upon the class notice, Objector respectfully submits that no one can.

Second, the class notice fails to provide sufficient information, in an objective manner, concerning the relief available under the settlement and what the class members are giving up in return for that relief. This information is necessary to determine whether to opt-out or object to the proposed settlement. The class notice is fatally defective.

### III. Proposed Settlement Is Unfair, Inadequate And Unreasonable

Liability in this case appears strong. Damages at issue are well into the hundreds of millions of dollars, perhaps more. Yet, class members are receiving nothing to compensate for the higher prices they paid for products containing MSG and Nucleotides. Class members do not even receive coupons. Under the proposed *cy pres* settlement, class members receive nothing. Indeed, the only class members who might receive any remuneration are those class members who just happen to be charities. Although charitable contributions should be encouraged, the settlement of a class action seeking monetary damages should not substitute charitable donations for class wide relief. The Settling Defendants certainly make charitable contributions in the ordinary course of their activities; they should not get credit for those contributions in settlement of this case. It is telling the 33 1/3 percent attorneys' fees and expenses sought will not be donated to charity.

The settlement also suffers from procedural fairness problems. Relief provided by class settlements should not create intra-class conflicts or antagonism between different segments of the class. *See, e.g., Amchem*, at 627-32; *Ortiz v. Fibreboard*

*Corp.*, 527 U.S. 815, 856-69 (1999). Although the settlement monies were distributed among different states, and therefore necessarily creates antagonism between the different states in terms of the respective *cy pres* distributions, no effort was made to create sub-classes or require different attorneys represent the different states. The settlement also creates antagonism between non-charity class members (who get nothing) and charity class members (who get everything), without any of the required procedural safeguards. The proponents have failed to discharge their burden and, therefore, the proposed settlement should be rejected.

### IV. Proposed Attorneys' Fees Are Excessive

Fee award proceedings are result-oriented. Except for fees authorized to punish a party or counsel for sanctionable conduct, fees are authorized by statute and by common fund and substantial benefits principles only to those who demonstrate some level of success in obtaining the litigation benefits sought. Conte, *Attorney Fee Awards*, § 1.02 (2d Ed.). Accordingly, the paramount issue that this Court must consider prior to an award of attorneys' fees is whether or not class counsel can demonstrate a level of success in obtaining the litigation benefits originally sought when the underlying lawsuit was commenced. The Court must also conduct a critical analysis as to whether the amount of attorneys' fees requested is commensurate with that level of success.

In this case, class counsel seeks an award of 33 1/3 percent of the *cy pres* distribution to charities as fees and expenses. Class counsel has obtained nothing for the class, excepting those few class members who happen to be charities. The attorneys' fees are grossly excessive and bear little relationship to the benefits, if any,

recovered on behalf of the class. The Court should reject the proposed attorneys' fees and expenses given the utter lack of benefits to the class.

WHEREFORE, PREMISES CONSIDERED, Objector Janet Louise Petrus respectfully requests the Court grant these objections to the class settlement and attorneys' fees and expenses and deny the parties' request to approve their proposed settlement.

Respectfully submitted,

By: _____
Christopher A. Bandas
State Bar No. 00787837
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78471
Telephone (361) 698-5200
Facsimile (361) 698-5222

_____
Nicholas R. Gentry
LAW OFFICES OF
NICHOLAS R. GENTRY, L.L.C.
415 11th St, NW # B
Alburquerque, NM 87102
Telephone (505) 924-1010
Facsimile (505) 924-1012

COUNSEL FOR OBJECTOR

## CERTIFICATE OF SERVICE

On this the 15 day of September, 2006, a true and correct copy of the above and foregoing instrument was duly served by certified mail, return receipt requested upon the following counsel of record and settlement administrator:

MSG Indirect Purchaser Settlement Admin.
PO Box 832
Acworth, GA 30101-0832

David Bois
Straus & Bois, LLP
4041 University Dr.
Fifth Floor
Fairfax, VA 22030

Michael Lazerwitz
Cleary, Gottlieb
2000 Pennsylvania Ave, NW
Washington, DC 20006

_____
Nicholas R. Gentry

OBJECTION TO MSG SETTLEMENT                                                     Page 7

## AFFIDAVIT OF JANET L. PETRUS

STATE OF TEXAS           §
                         §
COUNTY OF NUECES         §

Before me, the undersigned authority, personally appeared Janet L. Petrus, who being by me duly sworn, deposed as follows:

"My name is Janet L. Petrus and I am a resident of San Patricio County, Texas. I am over twenty-one (21) years old, and I have never been convicted of a felony. I am of sound mind and capable of making this affidavit. The statements contained herein are true and correct, and they are within my personal knowledge.

"I have read both the long form notice and the short form notice contained on the following website: www.msgindirectsettlement.com. I can confirm that between January 1, 1983 and November 1, 1999, on at least several dozen occasions, I purchased food products in Nevada and New Mexico, including Accent flavor enhancer, tomato sauce, ketchup, soy sauce, Asian cuisine, snack foods and prepared meals. Among the ketchups I purchased include Heinz, Hunt and Del Monte. Among the soy sauces I purchased include Kikkoman, Marukin and Yamasu. Among the snack foods I purchased were Lay's potato chips, and Doritos. All of these purchases occurred in the states identified above during the class period.

FURTHER AFFIANT SAYETH NAUGHT

_Janet L. Petrus_ (signature)
Janet L. Petrus

SWORN TO AND SUBSCRIBED before me on the 15th day of September 2006.

_Barbara M. Smith_ (signature)
Notary Public, State of Texas

EXHIBIT A

[Notary seal: Barbara M. Smith, Notary Public, State of Texas, My Comm. Exp. 05-21-07]