IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

SCOTT PLUM, et al.,                :

        Plaintiffs,        :

v.                                 :

BAYER A.G., et al.,                :   Docket No. 06-CA-2032-16

        Defendants.        :

### NOTICE OF APPEARANCE, OBJECTION TO CLASS SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

CCI Spectrum, Inc., Objector herein, appears through counsel of record and files its Objection to Class Settlement and Application for Attorneys' Fees and Expenses. Objector purchased urethane chemicals during the class period in the State of Florida and is a member of the class. Objector's address and telephone number is as follows: 9716-1 Florida Mining Blvd., West, Jacksonville, Florida 32258 and (904) 268-4923. Counsel will be unable to appear and argue at the Fairness Hearing scheduled for October 8, 2007; accordingly, Counsel asks that these objections be submitted on the pleadings. Counsel also intends to rely upon all pleadings in the Court's file and all documents produced by the proponents of the settlement in discovery, including all discovery materials sought herein.

### I. Introduction

The proposed settlement will erase tens of millions of dollars in potential antitrust liability to the Settling Defendants in return for the payment of $4.75 million in a "settlement fund." The only "class relief" contemplated by the proposed settlement is the donation of the funds remaining after deduction of attorneys' fees and expenses to charities. While such

donations should be encouraged, they have nothing whatsoever to do with compensating the plaintiff class for the antitrust injury they suffered in the form of higher prices.

## II. Review of Proposed Class Settlement

In determining whether a class action settlement should be approved, the Court must decide whether it is fair, adequate and reasonable under the circumstances and whether the interests of *the class as a whole* are better served if the litigation is resolved by the settlement rather than pursued through trial. *Manual for Complex Litigation (Third)*, § 3042 (emphasis added); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). The Court's oversight role is crucial if the interests of absent class members are to be guarded:

> Despite the potential benefits of class actions, there remains an overarching concern --that absentees' interests are being resolved and quite possibly bound by the operation of res judicata even though most of the plaintiffs are not real parties to the suit. The protection of the absentees' due process rights depends in part on the extent the named plaintiffs are adequately interested to monitor the attorneys (who are of course, presumed motivated to achieve maximum results by the prospect of substantial fees), and also on the extent the class representatives have interests that are sufficiently aligned with the absentees to assure that the monitoring serves the interests of the class as a whole. In addition, the court plays the important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 784 (3rd Cir. 1995). Moreover, the proponents of class action settlements bear the burden of developing a record demonstrating that the settlement distribution is fair, adequate and reasonable. *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983).

## III. Notice Violates Due Process

The notice procedures utilized in class actions are of constitutional importance and must be viewed in due process terms. *Greenfield v. Villager Indust., Inc.*, 483 F.2d 824, 833-34 (3d Cir. 1973) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950));

*Eastham v. Pub. Employees Ret. Ass'n Bd.*, 553 P.2d 679, 683 (N.M. 1976) ("[W]e hold that . . . procedural due process required notice to other members of the class whose rights would be affected."). Due process requires the members of the class be provided with the enough information to make an informed choice. *In re Fed. Skywalk Cases*, 97 F.R.D. 365, 367 (W.D. Mo. 1982). The settlement notice and the notice campaign in general were defective under these standards and, thus, violate due process.

### IV. Proposed Settlement Is Unfair, Inadequate And Unreasonable

Based upon the evidence currently before the Court, the proposed settlement is unfair, inadequate and unreasonable. The liability case against the Settling Defendants is strong based upon Plaintiff's own pleadings. Damages at issue are well into the tens of millions of dollars, perhaps more. Balanced against the class-wide relief – nothing – this settlement is grossly inadequate. No payments are being made to any member of the class to compensate for the antitrust injuries they suffered in the form of higher prices.

### V. Proposed Attorneys' Fees Are Excessive

Fee award proceedings are result-oriented. Except for fees authorized to punish a party or counsel for sanctionable conduct, fees are authorized by statute and by common fund and substantial benefits principles only to those who demonstrate some level of success in obtaining the litigation benefits sought. Conte, *Attorney Fee Awards*, § 1.02 (2d Ed.). Accordingly, the paramount issue that this Court must consider prior to an award of attorneys' fees is whether or not class counsel can demonstrate a level of success in obtaining the litigation benefits originally sought when the underlying lawsuit was commenced. The Court must also conduct a critical analysis as to whether the amount of attorneys' fees requested is commensurate with that level of success. Here, there is no success. The class gets nothing under the proposed settlement, not

even coupons. Based upon the utter lack of success to provide any compensation to the class, the attorneys' fees are grossly excessive.

WHEREFORE, PREMISES CONSIDERED, Objector CCI Spectrum, Inc. respectfully requests the Court grant these objections to the class settlement and attorneys' fees and expenses and deny the parties' request to approve their proposed settlement.

Respectfully submitted,

By: _____
Christopher A. Bandas
State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

COUNSEL FOR OBJECTOR

## CERTIFICATE OF SERVICE

On this the 20th day of September, 2007, a true and correct copy of the above and foregoing instrument was duly served by regular U.S. Mail and certified mail, return receipt requested upon the following counsel of record:

Clerk of the Court
Eighteenth Judicial District
P.O. Box 8099
Sanford, FL 32772-8099

Kenneth G. Gilman
Gilman and Pastor, LLP.
225 Franklin St., 16th Floor
Boston, MA 02110

Mark H. Muller
Quarles & Brady, LLP
1395 Panther Lane, Suite 300
Naples, FL 34109-7874

Phillip A. Proger
Jones Day
51 Louisiana Ave N.W.
Washington, DC 20001-2113

_____
Christopher A. Bandas