# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No: 1:06CV00401 (CKK) |
| WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., | ) ) ) ) ) ) ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN CONSUMER CLASS PLAINTIFFS AND DEFENDANTS

After a final fairness hearing before the Court on November 6, 2007, it is hereby

ORDERED that:

1.     This Court has jurisdiction over the claims of the Plaintiffs, the Settlement

Class ("the Class"),[1] and the Defendants.

2.     As required by this Court in its Order Conditionally Certifying Settlement

Class and Preliminarily Approving Proposed Settlement Between Consumer Class

Plaintiffs and Defendants, notice of the proposed settlement was published in the

---

[1]     Unless otherwise noted, capitalized terms are used herein as defined in the Consumer Plaintiffs' Memorandum of Points and Authorities in Support of their Motion for Preliminary Approval of the Settlement, filed with the Court on June 5, 2007 ("Plaintiffs' Preliminary Approval Memo"), or in the Settlement Agreement Between Consumer Plaintiffs and Defendants, signed on May 16, 2007 and appended as Exhibit A to Plaintiffs' Preliminary Approval Memo.

weekend edition of USA Today from Friday, August 3, 2007, through Sunday, August 5, 2007.  In addition, the notice was published through the following internet notice campaign targeted toward women of reproductive age (*i.e.*, between 18 and 44):

    (a)    Gorilla Nation Women's Channel: An advertisement for the notice and settlement website ran as a banner ad on the Gorilla Nation Women's Channel network of websites from August 3, 2007, through August 30, 2007.

    (b)    iVillage: An advertisement for the notice and settlement website also ran as a banner ad on the iVillage network of websites from August 3, 2007, through August 30, 2007.

    (c)    Internet Service Provider Banner Ads: An advertisement for the notice and settlement website appeared as a banner ad on the home pages of the internet service providers America Online, MSN and Comcast from August 3, 2007, through August 30, 2007.

    (d)    Google Adwords and Yahoo Keywords: The internet strategy included 20 keyword searches on the Google and Yahoo search engines. When a user entered any of these 20 keywords, the website for the Ovcon settlement appeared as a sponsored link.

    (e)    PR Newswire: On August 3, 2007, a press release was issued through PR Newswire Service (US1), reaching over 4,000 newspapers, magazines, national wire services, and broadcast networks that are located in all 50 states and the District of Columbia. In addition, PR Newswire US1

distributed notices to 3,600 computer on-line databases, where the notices

are automatically displayed on websites.

Such notice to the Class fully complied with Fed. R. Civ. P. 23(e) and due process

of law, and was the best practicable notice under the circumstances.

3.    The Settlement Agreement (attached as Exhibit A to this Order) was the

result of *bona fide* and arm's-length negotiations conducted in good faith between Class

Counsel and counsel for Defendants.

4.    This Court held a hearing to consider the fairness, reasonableness, and

adequacy of the Settlement Agreement and has been advised that there are no opt-outs

from the settlement. Rita Morales was the only Class Member who objected to the

settlement. Neither Morales nor her attorneys, Christopher Bandas, Esquire and John

Carpenter, Esquire, appeared at this hearing, despite being given the opportunity to be

heard. Accordingly, the objection will be considered on the pleadings.

5.    Upon consideration of Morales' objection, and Plaintiffs' response thereto,

the objection is hereby overruled.

6.    Since adequate notice of the proceedings was provided to the Class, and

all Class Members had an opportunity to participate in the fairness hearing, this Final

Order and Judgment is binding upon all Class Members and preclusive upon all pending

and future lawsuits or other proceedings by Class Members.

7.    The settlement, as set forth in the Settlement Agreement, is approved and

found to be, in all respects, fair, reasonable, adequate, and in the best interests of the

Class, and satisfies the requirements of Fed.R.Civ.23 and constitutional due process.

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies for settlement purposes the following Class:

> All persons who purchased Ovcon 35 for personal or household use in the United States at any time during the period from April 22, 2004 through the date of the Preliminary Approval Order. Excluded from the Class are all governmental entities and the Defendants, their directors, officers and employees, and their respective subsidiaries and affiliates.

9.      The Court finds that certification of the Class is warranted in light of the settlement because (a) the Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Class; (c) Plaintiffs and Class Counsel fairly and adequately represent the Class; and (d) common issues predominate over any individual issues affecting the members of the Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Class. The Court also finds settlement of this action on a class-wide basis to be superior to other means of resolving this matter.

10.     Plaintiffs, Cohen and Croonquist, as Class Representatives, and Class Counsel fairly and adequately represent the interests of the Class for purposes of entering into and implementing the Settlement Agreement.

11.     The Plaintiffs, the Class, and the Defendants are bound by all of the terms and conditions of the Settlement Agreement, which are hereby incorporated into this Order and Final Judgment. The scope of the release, incorporated herein, is set forth in the Settlement Agreement. Upon the Effective Date and in consideration of payment of the settlement amount as defined in the Settlement Agreement, Defendants will forever be discharged from any and all Released Claims.

12.     Upon the Effective Date as defined in the Settlement Agreement, all claims asserted by the Plaintiffs and the Class in this action are dismissed with prejudice, and except as provided for in the Settlement Agreement, without costs.

13.     All Class Members are barred and enjoined from filing or continuing to prosecute any lawsuit, action, or arbitration against the Defendants in any jurisdiction based on or relating to the facts and circumstances underlying the Released Claims.

14.     As set forth in the Settlement Agreement, any dispute relating to the Settlement Agreement shall be brought exclusively in the United States District Court for the District of Columbia.

15.     Class Counsel's requested award of attorneys' fees, reimbursement of expenses, and incentive awards to Class Representatives are fair and reasonable. The Law Offices of Robert W. Sink is awarded attorneys' fees totaling $1,880,293.13 and reimbursement of expenses totaling $104,706.87, together with a proportionate share of the interest earned in the Fees and Expenses Account. Class Representatives, Sunda Croonquist and Stephanie Cohen, are awarded $7,500 each, together with a proportionate share of the interest earned in the Fees and Expenses Account. The Escrow Agent is authorized to make the above distributions from the Fees and Expenses Account.

16.     Any amounts remaining in the Notice Account shall be donated by the Escrow Agent to the National Women's Law Center.

17.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Order and Final Judgment as a judgment that is immediately appealable.

18.    Without affecting the finality of this Order and Final Judgment, this Court shall retain exclusive jurisdiction over the settlement and the Settlement Agreement, including the administration and consummation of this settlement.

SO ORDERED this _15ᵗʰ_ day of _November_, 2007.

_____
Colleen Kollar-Kotelly
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHANIE COHEN and SUNDA CROONQUIST, individually and on behalf of all others similarly situated,** )<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**WARNER CHILCOTT PUBLIC LIMITED COMPANY, WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** )<br>) | Civil Action No: 1:06CV00401 (CKK)<br><br>Jury Trial Demanded |

**SETTLEMENT AGREEMENT BETWEEN
CONSUMER CLASS PLAINTIFFS AND DEFENDANTS**

This Settlement Agreement ("Settlement Agreement") is made and entered into this sixteenth

day of May, 2007 (the "Execution Date"), by and between Defendants Warner Chilcott Public

Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation,

Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. (together,

"Warner Chilcott") and Barr Pharmaceuticals, Inc. ("Barr") (collectively, "Defendants") and the

Consumer Plaintiff Class Representatives, Stephanie Cohen and Sunda Croonquist ("Plaintiffs"),

both individually and on behalf of the following proposed Settlement Class:

- All persons who purchased Ovcon 35 for personal or household use in the United
  States at any time during the period from April 22, 2004 through the date of the



EXHIBIT
A

Preliminary Approval Order. Excluded from the Settlement Class are all governmental entities and the Defendants, their respective subsidiaries, affiliates, directors, officers and employees.

WHEREAS, Plaintiffs are prosecuting the above-captioned action on their own behalf and on behalf of the proposed Settlement Class against Warner Chilcott and Barr, and

WHEREAS, Plaintiffs allege that Warner Chilcott and Barr entered into an unlawful agreement to restrain trade in which Barr agreed not to market a generic version of Warner Chilcott's Ovcon 35, and

WHEREAS, Warner Chilcott and Barr specifically deny that they engaged in any unlawful conduct, and

WHEREAS, Warner Chilcott irrevocably waived the exclusivity provision of the agreement challenged in the Complaint and, subsequently, Barr introduced a generic version of Ovcon, and

WHEREAS, Plaintiffs have conducted extensive investigation and discovery regarding the Consumer Action and have concluded that a settlement with Defendants according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class, and

WHEREAS, Class Counsel and Defendants' counsel agreed to mediate this dispute under the auspices of Magistrate Judge Alan Kay, met several times to discuss the potential settlement of this Action and conferred with Magistrate Judge Kay, and Class Counsel has concluded that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement with the Defendants because the settlement would be a fair, reasonable and adequate resolution of all claims in this Action against Defendants; and

WHEREAS, Defendants have concluded, despite their belief that they have good defenses to the claims asserted, that they will enter into this Settlement Agreement solely to avoid the further expense, inconvenience, and the distraction of burdensome and protracted litigation, and

WHEREAS, Plaintiffs have agreed to accept the amount of the settlement, and

WHEREAS, Class Counsel and Defendants' counsel have advised Magistrate Judge Kay of the essential terms upon which they have agreed to settle this Action, and

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and Defendants, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Warner Chilcott and Barr and the Plaintiffs, both individually and on behalf of the proposed Settlement Class, has been reached, subject to approval of the Court, and

WHEREAS, individual distributions to Class Members are impracticable given the size and nature of the Settlement Class and the small size of any purported damages incurred by any individual Class Member, and

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, it is by and among the undersigned agreed that the above-captioned action be settled, compromised, and dismissed with prejudice as to Warner Chilcott and Barr, subject to the approval of the Court, on the following terms and conditions.

**Definitions**

The following terms, as used in this Settlement Agreement, have the following meanings

1.    "Barr" means Barr Pharmaceuticals, Inc. and its past and present officers, directors,

4

employees, parents, subsidiaries, and affiliates, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

2.    "Barr Products" means one or more branded combined hormonal contraceptives (*e.g.*, Seasonique, Mircette, etc.) sold by Barr.

3.    "Claims" shall mean any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies, in each case, which are related to the subject matter of the Consumer Action.

4.    "Class Counsel" shall refer to the Law Offices of Robert W. Sink, 319 West Front Street, Media, PA 19063.

5.    "Class Member" means each member of the Settlement Class who does not timely elect to be excluded from the Settlement Class.

6.    "Class Period" means the period from and including April 22, 2004 up to and including the date of the Preliminary Approval Order.

7.    "Class Representatives" or "Plaintiffs" means Stephanie Cohen and Sunda Croonquist.

8.    "Complaint" means the Amended Class Action Complaint filed by Stephanie Cohen and Sunda Croonquist in the Consumer Action on April 19, 2006.

9.    "Consumer Action" shall refer to the consumer class action captioned *Stephanie Cohen and Sunda Croonquist, individually and on behalf of all others similarly situated v. Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd. and Barr Pharmaceuticals, Inc.*, 1:06-cv-00401 (CKK) (DDC).

10.    "Defendants" shall mean Warner Chilcott and Barr.

11.    "Escrow Accounts" shall mean two federally-insured bank accounts established by Class Counsel at Citizens Bank of Pennsylvania (Media, Pennsylvania), one each for the Fees and Expenses Account and the Notice Account.

12.    "Escrow Agent" shall be Robert Sink of The Law Offices of Robert Sink.

13.    "Ovcon" means the oral contraceptive Ovcon 35.

14.    "Preliminary Approval Order" shall mean an order to be entered by the Court preliminarily approving the terms and conditions of this Settlement Agreement.

15.    "Product Donation" shall have the meaning set forth in Paragraph 28.a herein.

16.    "Product Donation Amount" means $3,000,000 worth of Warner Chilcott Products to be donated by Warner Chilcott and $3,000,000 worth of Barr Products to be donated by Barr. Each of the products to be donated will be valued at their average retail price, as determined by an independent third party data source, for the one-year period preceding the Effective Date of the Court-approved settlement or, if unavailable, the period since the product's launch.

17.    "Released Claims" means those claims released pursuant to Paragraph 27 of this Agreement.

18.    "Releasees" shall refer jointly and severally, individually and collectively to Warner Chilcott and Barr, and their past and present officers, directors, employees, parents, subsidiaries, and affiliates and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

19.    "Releasors" shall refer jointly and severally, individually and collectively to Plaintiffs, the Class Members, and their respective past and present parents, subsidiaries, affiliates, officers, directors, agents, employees, legal representatives, trustees, heirs, executors, administrators,

purchasers, predecessors, successors, and assigns.

    20.    "Settlement Class" means:

- All persons who purchased Ovcon 35 for personal or household use in the United States at any time during the period from April 22, 2004 through the date of the Preliminary Approval Order. Excluded from the Settlement Class are all governmental entities and the Defendants, their respective subsidiaries, affiliates, directors, officers and employees.

    21.    "Warner Chilcott" means Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc. and Galen (Chemicals), Ltd., and their past and present officers, directors, employees, parents, subsidiaries, and affiliates, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

    22.    "Warner Chilcott Products" means one or more branded combined hormonal contraceptives (*e.g.*, Loestrin 24, Femcon Fe, etc.) sold by Warner Chilcott.


### Approval of this Settlement Agreement and Dismissal of Claims

    23.    Plaintiffs and Defendants shall use their best efforts to effectuate this Settlement Agreement, including cooperating in promptly seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure certification of the Class and the prompt, complete, and final dismissal with prejudice of the Consumer Action as to Defendants. Pending final approval of this settlement, Plaintiffs and Defendants will cease and desist all litigation related activities with respect to each other, other than actions necessary to promptly conclude this matter, or to implement or enforce this Settlement Agreement.

    24.    Within twenty days after the Execution Date, Plaintiffs shall submit to the Court a motion requesting entry of an Order preliminarily approving the settlement and authorizing dissemination of notice to the proposed Settlement Class (the "Motion"). The parties shall afford

each other a reasonable opportunity of no fewer than five business days to review and comment on draft motions and supporting papers relating to preliminary approval. The Motion shall include (a) the definition of the Settlement Class to be certified by the Court pursuant to this Settlement Agreement, and (b) the proposed form of, method for, and date of dissemination of notice to the Settlement Class. The text of the foregoing items (a) and (b) shall be agreed upon by Plaintiffs, Warner Chilcott and Barr before submission of the Motion.

25.     At or before the final hearing, and upon the Court's approval of this Settlement Agreement, Plaintiffs and Defendants shall jointly present a final judgment order to the Court for entry, the text of which Plaintiffs and Defendants shall agree upon. The parties shall afford each other a reasonable opportunity of no fewer than five business days to review and comment on draft motions and supporting papers relating to final approval. The final judgment order presented to the Court shall, among other things:

      a.  finally approve this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms; and

      b.  direct that, as to Warner Chilcott and Barr, the Action be dismissed with prejudice without fees or costs to any party, except as provided in this Settlement Agreement; and

      c.  retain exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement; and

      d.  declare this Settlement Agreement to be binding on all Class Members and preclusive on all pending and future lawsuits or other proceedings by Class

Members; and

e.  certify the Settlement Class for settlement purposes; and

f.  find that the Plaintiffs Cohen and Croonquist and Class Counsel fairly and adequately represent the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement; and

g.  incorporate the release set forth in this Settlement Agreement and forever discharge the Releasees from any and all Released Claims; and

h.  bar and enjoin all Class Members from filing or continuing to prosecute any lawsuit, action, or arbitration against the Defendants in any jurisdiction based on or relating to the facts and circumstances underlying the Released Claims.

26.    This Settlement Agreement shall become final only when (a) the Court has entered a final judgment order approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Consumer Action against Warner Chilcott and Barr with prejudice as to all Class Members and without costs has been entered; and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Settlement Agreement and the final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review (the "Effective Date").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U S C §1651, shall be taken into account in determining the above-stated times.

**Release, Discharge, and Covenant Not to Sue**

27.    Upon the occurrence of the Effective Date and in consideration of payment of the

settlement amount, as specified in Paragraph 28 of this Settlement Agreement, Plaintiffs and each member of the Settlement Classes, except opt-outs: (a) shall be deemed to have, and by operation of the Court judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Defendants and their affiliates; (b) shall covenant not to assert or prosecute any of the Released Claims against any of the Releasees in any actions or proceedings; and (c) shall be forever enjoined from asserting or prosecuting any of the Released Claims against any of the Releasees in the actions or in any other actions or proceedings. "Released Claims" shall include without limitation all claims, demands, actions, suits, damages, rights, liabilities, and causes of action, known or unknown, suspected or unsuspected, accrued or unaccrued, fixed or contingent, direct or derivative, individual, class or otherwise, in law or equity, under any body of law, whether by statute, regulation or common law, that the Plaintiffs and the Settlement Class, or any member thereof, individually or as a class, ever had, now have, or hereafter can, shall, or may have, against the Releasees or any of them, arising from or relating to any actual or alleged losses on or damages from prices paid for Ovcon during the Class Period, whether or not asserted in the Consumer Action, including without limitation, all losses or damages which (i) arise from or relate to any of the claimed acts, omissions, misrepresentations, facts, events, matters, transactions, subject matter or occurrences referred to or complained of in the Consumer Action; (ii) have been asserted or could have been asserted in the Consumer Action or in any state or federal court or any other judicial or arbitral forum against the Releasees; or (iii) arise under or relate to any federal, state, or foreign antitrust, anti-monopoly, unfair competition, consumer protection, fraud, or racketeering law. However, nothing herein shall be construed to release any claims relating to any product defect, breach of contract, breach of warranty, personal injury, or similar claim between the parties relating to

Ovcon not directly related to the facts or occurrences alleged in the Complaint. PLAINTIFFS

AND EACH MEMBER OF THE SETTLEMENT CLASS, EXCEPT OPT-OUTS, WAIVE

CALIFORNIA CIVIL CODE SECTION 1542 AND SIMILAR PROVISIONS IN OTHER

STATES. PLAINTIFFS CERTIFY THAT THEY ARE AWARE OF AND HAVE READ AND

REVIEWED THE FOLLOWING PROVISIONS OF CALIFORNIA CIVIL CODE SECTION

1542 ("SECTION 1542"):

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS
> SETTLEMENT WITH THE DEBTOR."**

The provisions of the release set forth above shall apply according to their terms, regardless of

provisions of Section 1542 or any equivalent, similar, or comparable present or future law or

principle of law of any jurisdiction. Plaintiffs hereby expressly waive and relinquish any and all

rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable

present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of

any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set

forth above.

**Settlement Amount**

    28.    Subject to the provisions hereof, and in full, complete, and final settlement of the

Complaint as provided herein, Warner Chilcott and Barr each agree to provide the following

consideration:

    a.    Product Donation.

    (1)    Warner Chilcott:

11

(a)     Warner Chilcott shall donate Warner Chilcott Products in the Product Donation Amount throughout the United States within a three-year period to begin on the Effective Date of any Court-approved settlement.

(b)     Warner Chilcott shall pay all costs associated with the donation of the Warner Chilcott Products, which shall be distributed by Warner Chilcott in a manner of its choosing consistent with this Settlement Agreement.

(c)     Warner Chilcott shall in its discretion donate the Warner Chilcott Products to one or more of the following:  (1) primary care physicians not currently receiving samples of the Warner Chilcott Products who, according to IMS data, prescribe combined hormonal contraceptives; (2) university health centers or clinics; or (3) charitable organizations providing reproductive healthcare services to women.

(d)     Warner Chilcott shall provide to Class Counsel certification of its compliance with this provision on the one-, two-, and three-year anniversaries of the Effective Date of the Court-approved settlement, setting forth the value of the Warner Chilcott Products donated in the preceding year.

(2)     Barr:

(a)     Barr shall donate Barr Products in the Product

12

Donation Amount throughout the United States within a three-year period to begin on the Effective Date of any Court-approved settlement.

(b)    Barr shall pay all costs associated with the donation of the Barr Products, which shall be distributed by Barr in a manner of its choosing consistent with this Settlement Agreement.

(c)    Barr shall in its discretion donate the Barr Products to one or more of the following: (1) primary care physicians not currently receiving samples of the Barr Products who, according to IMS data, prescribe combined hormonal contraceptives; (2) university health centers or clinics; or (3) charitable organizations providing reproductive healthcare services to women.

(d)    Barr shall provide to Class Counsel certification of its compliance with this provision on the one-, two-, and three-year anniversaries of the effective date of the Court-approved settlement, setting forth the value of the Barr Products donated in the preceding year.

b.    Escrow Accounts.  Class Counsel shall establish two Escrow Accounts to be administered under the Court's continuing supervision and control pursuant to the following terms:

(1)    Fees and Expenses Account.  Warner Chilcott and Barr shall each contribute $1,000,000 to a Fees and Expenses Account, for a total value of $2,000,000.

13

(a)     Each Defendant shall wire its Fees and Expenses Account contribution into the Escrow Account on or before the day falling thirty (30) business days after the Court enters an order preliminarily approving the settlement.

(b)     Subject to Court approval, reasonable fees and expenses incurred by Plaintiffs' counsel and any incentive awards to the named Plaintiffs in the above-referenced action shall be paid from this Fees and Expenses Account. Class Counsel shall apply to the Court for distributions to be made from the Fees and Expenses Account. Warner Chilcott and Barr agree not to object to any application to the Court by Class Counsel for an award of attorneys' fees and reimbursement of expenses up to $2,000,000 or for incentive awards up to $7,500 per Class Representative.

(c)     Plaintiffs and Class Counsel shall be reimbursed and paid solely out of the Fees and Expenses Account for all expenses, including but not limited to, attorneys' fees, past, current, or future litigation expenses, and any incentive awards to the Class Representatives, subject to application to and approval of the Court. Defendants shall not be liable for any costs, fees, or expenses of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Fees and Expenses Account.

(d)     At the time of the final approval of the Settlement

Agreement, amounts remaining in the Fees and Expenses Account, if any, shall be distributed in accordance with the discretion of the Court.

(2)    Notice Account.  Warner Chilcott and Barr shall each contribute $150,000 to a Notice Account, for a total value of $300,000.

(a)    Each Defendant shall wire its Notice Account contribution into the Escrow Account on or before the day falling five (5) business days after the Court enters an order preliminarily approving the settlement.

(b)    Upon preliminary approval of the settlement by the Court, from this Notice Account shall be paid the costs to provide notice as described below and of any notice administration expenses, including any notice administrator fee.

(c)    Plaintiffs believe that a notice program involving the following components will most practicably reach members of the Settlement Class, and Warner Chilcott and Barr shall not object to such a notice program:

- one-quarter page ad in USA Today (weekend edition) or in another print media with a comparable circulation and distribution; and

- four-week publication in online media using three to seven services (*e.g.*, Gorilla Nation Women's Channel, iVillage, Google Adwords, Yahoo Keywords, AOL, and/or comparable services).

15

(d)    Disbursements for all expenses associated with

providing notice to the Settlement Class shall be paid solely out of the

Notice Account. Defendants shall have no responsibility, financial

obligation, or liability whatsoever with respect to notice costs or expenses,

except as expressly provided in this Settlement Agreement.

(e)    At the time of the final approval of the Settlement

Agreement, amounts remaining in the Notice Account, if any, shall be

distributed in accordance with the discretion of the Court.

(3)    The Fees and Expenses Account and the Notice Account

shall be administered by the Escrow Agent under the Court's continuing

supervision and control. Upon receiving preliminary Court approval, the Escrow

Agent shall pay all costs related to this Settlement Agreement as they come due

from the Notice Account as outlined herein. The Escrow Agent may distribute

the Fees and Expenses Account within five (5) business days of the Effective

Date. Any interest or income earned on either the Notice Account or the Fees and

Expenses Account while in escrow shall become part of that Account. No Class

Member shall have any interest in the Notice Account or the Fees and Expenses

Account. The Escrow Agent shall be responsible for paying any and all taxes

related to the Notice Account and the Fees and Expenses Account as well as filing

any returns with the IRS.

**Rescission of the Settlement Agreement**

29.    If the Court declines to approve this Settlement Agreement or any part hereof, or if

such approval is materially modified or set aside on appeal, or if the Court does not enter the final

judgment and order or if the Court enters the final judgment and order and appellate review is sought and, on such review, such final judgment and order is not affirmed, then Warner Chilcott and Barr, and Plaintiffs shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety and any and all amounts then constituting the Escrow Accounts shall be returned forthwith to Warner Chilcott and Barr, except for such disbursements made or expenses incurred in accordance with Paragraph 28.b(2) of this Settlement Agreement. In addition, all obligations to fulfill or complete the Product Donation shall also be terminated. The Escrow Agent shall disburse the Escrow Accounts to Warner Chilcott and Barr in accordance with this paragraph within ten (10) business days after receipt of either (i) written notice signed by counsel or (ii) any order of the Court so directing.

> A.    The terminating party must exercise the option to withdraw from and terminate this Settlement Agreement by written notice to all other parties to this Settlement Agreement no later than five (5) business days after receiving notice of the event prompting the termination.

30.    A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Fees Account shall not be deemed a modification of all or part of the terms of this Settlement Agreement or such final judgment order.

31.    If the Settlement Agreement is rescinded, canceled, or terminated pursuant to paragraph 29, all obligations pursuant to this Settlement Agreement shall cease immediately and all provisions of this Settlement Agreement, as well as all negotiations, statements, and proceedings related to it shall be without prejudice to the parties or any putative Class Member, all of whom shall be restored to their respective positions existing immediately before the Execution Date. Further, any order or judgment entered after the Execution Date pursuant to the terms hereof, will be

vacated and will be without any force and effect.  Plaintiffs, Warner Chilcott and Barr expressly reserve all of their rights if the Settlement Agreement does not become final.

32.    Further, and in any event, Plaintiffs and Defendants agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading filed by Plaintiffs, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Consumer Action, or in any other action or proceeding.

### Exclusions from the Settlement Agreement

33.    Any potential member of the Settlement Class who has not been validly excluded from the Settlement Class shall be bound by all proceedings, orders and judgments in this Action, even if they have pending, or subsequently initiate, litigation against any or all of the Releasees asserting Released Claims.

34.    Any potential member of the Settlement Class who has not been validly excluded from the Class and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, must serve upon Class Counsel and the Defendants, and file with the Court, received by counsel and the Court no later than forty-five (45) calendar days after the first date of internet notice, or as the Court may otherwise direct, a statement of objection, as well as the specific reason(s), if any, for each objection, including any legal support the potential member of the Settlement Class wishes to bring to the Court's attention and any evidence the potential member of the Settlement Class wishes to introduce in support of the objection.

Potential members of the Settlement Class may do so either on their own or through an attorney hired at their own expense.

35.    Any such potential member of the Settlement Class who files and serves a written objection, as described above, may appear at the final hearing, either in person, or through personal counsel hired at the potential member of the Settlement Class's expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement.  Potential members of the Settlement Class, or their attorneys, intending to make an appearance at the final hearing, must serve on Class Counsel and Defendants, and file with the Court, received by counsel and the Court no later than forty-five (45) calendar days after the first date of internet notice, or as the Court may direct, a notice of intention to appear.

36.    Any potential member of the Settlement Class who fails to comply with the provisions of the preceding Paragraphs 34 and 35 shall waive and forfeit any and all rights the potential member of the Settlement Class may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders and judgments in this Action.

37.    Class Counsel shall cause copies of requests for exclusion from the Settlement Classes to be provided to counsel for Warner Chilcott and Barr as they are received.  All such requests shall be provided to Defendants no later than ten (10) days after the final date for mailing requests for exclusion.

**Taxes**

38.    Class Counsel shall be solely responsible for (a) filing, and shall timely file or cause the Escrow Agent to timely file, all informational and other tax returns (including without limitation

all income tax returns, all informational returns, and all returns described in Treas. Reg. Section

1.468B-2(1)) relating to the Fees and Expenses Account and/or Notice Account that are required to

be filed; and (b) making, and shall timely make or cause the Escrow Agent to timely make, any tax

payments, including interest and penalties, required to be made by the Fees and Expenses Account

and/or Notice Account.  The Escrow Agent shall be, for purposes of Section 468B of the Internal

Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the

"Administrator" of the Fees and Expenses Account and/or Notice Account.  Defendants shall have

no responsibility to make any filings relating to the Fees and Expenses Account and/or Notice

Account and shall have no responsibility to pay taxes on any income earned by the Fees and Expenses

Account and/or Notice Account or to pay any taxes in respect of the Fees and Expenses Account

and/or Notice Account unless the settlement is not consummated and the Fees and Expenses Account

and/or Notice Account are returned to Defendants.  In the event the settlement is not consummated,

Defendants shall be responsible for the payment of all taxes (including any interest or penalties) on

said interest income.

     39.     The parties to this Settlement Agreement, their counsel, and the Escrow Agent shall

treat the Fees and Expenses Account and/or Notice Account as being at all times a "qualified

settlement fund" within the meaning of Treas. Reg. Section 1.468B-1 for all periods on and after the

later of (i) the date of initial funding of the Fees and Expenses Account and/or Notice Account and (ii)

the date of the Court order approving this Settlement Agreement.  The parties, their counsel, the

Escrow Agent, and the Court agree to take no action inconsistent with the treatment of the Fees and

Expenses Account and/or Notice Account in such manner.  In addition, the Escrow Agent and, as

required, the parties shall timely make such elections as necessary or advisable to carry out the

provisions of this paragraph, including the "relation-back election" (as defined by Treas. Reg.

Section 1.468B-1)) back to the earliest permitted date. Such elections shall be made in compliance

with the procedures and requirements contained in such regulations. It shall be the responsibility of

the Escrow Agent timely and properly to prepare and deliver the necessary documentation for

signature by all necessary parties and thereafter to cause the appropriate filing to occur. All

provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with

the Fees and Expenses Account and/or Notice Account being a "qualified settlement fund" within

the meaning of Treas. Reg. Section 1.468B-1.

**Miscellaneous**

40.     This Settlement Agreement constitutes the entire agreement among Plaintiffs and

Defendants pertaining to the settlement of the Consumer Action against Defendants and

supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Defendants in

connection therewith. This Settlement Agreement may be modified or amended only by a

writing executed by Plaintiffs and Defendants and approved by the Court.

41.     All terms of this Settlement Agreement shall be governed by and interpreted

according to the substantive laws of the District of Columbia without regard to its choice of law

or conflict of law principles.

42.     Plaintiffs, Defendants, and each member of the Class hereby irrevocably submit

to the exclusive jurisdiction of the United States District Court for the District of Columbia only

for the specific purpose of any suit, action, proceeding, or dispute arising out of or relating to this

Settlement Agreement or the applicability of this Settlement Agreement, including, without

limitation, any suit, action, proceeding or dispute relating to the release provisions herein.

43.     This Settlement Agreement may be executed in counterparts by Plaintiffs, Warner

Chilcott and Barr, and a facsimile signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

44.     Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority present or future, by the Defendants. Neither this Settlement Agreement, nor any of its provisions, nor any statement or document made or filed in connection herewith, shall be filed, offered, received in evidence or otherwise used in any action or proceeding or any arbitration, except in connection with approval, carrying out and/or enforcement of this Settlement Agreement and all proceedings incident thereto, including without limitation requests for attorneys' fees, costs and disbursements and compensation to the Class.

45.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

46.     This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Settlement Agreement, for a complete resolution of the Released Claims with respect to the Releasees.

47.     Class Counsel agrees not to represent any party other than Plaintiffs with regard to any claims, demands, actions, suits, or causes of action relating to the Released Claims.

48.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval.

49.     Any and all notices intended for any party to this Settlement Agreement shall be in writing and shall be sent by fax and postage prepaid mail as follows:

To Plaintiffs:

Robert W. Sink, Esq.
The Law Offices of Robert W. Sink
319 West Front Street
Media, Pennsylvania 19063
Telephone: (610) 566-0800
Facsimile:  (610) 566-4408

*Counsel for Plaintiffs and the Class*

To the Defendants:

Peter C. Thomas, Esq.
Simpson Thacher & Bartlett LLP
North Building
601 Pennsylvania Avenue, N.W.,
Washington D.C. 20004
Telephone: (202) 220-7700
Facsimile: (202) 220-7702

*Counsel for Warner Chilcott*

Karen N. Walker, Esq.
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005
Telephone: (202) 879-5000
Facsimile:  (202) 879-5200

*Counsel for Barr*

**THE REST OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK.**

23

IN WITNESS WHEREOF, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement of the date first herein written above.

_____           5/16/07
Robert W. Sink, Esq. (Pro Hac Vice)   Date
Law Offices of Robert W. Sink
319 West Front Street
Media, Pennsylvania 19063

*Counsel for Consumer Plaintiffs
and the Proposed Class*


_____           _____
Peter C. Thomas, Esq.                 Date
Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, N.W., North Building
Washington D.C. 20004

*Counsel for Warner Chilcott*


_____           _____
Karen N. Walker, Esq.                 Date
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005

*Counsel for Barr*

23

IN WITNESS WHEREOF, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement of the date first herein written above.

_____          Date _____
Robert W. Sink, Esq. (*Pro Hac Vice*)
Law Offices of Robert W. Sink
319 West Front Street
Media, Pennsylvania 19063

*Counsel for Consumer Plaintiffs
and the Proposed Class*

_____          Date _May 16, 2007_
Peter C. Thomas, Esq.
Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, N.W., North Building
Washington D.C. 20004

*Counsel for Warner Chilcott*

_____          Date _____
Karen N. Walker, Esq.
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005

*Counsel for Barr*

23

IN WITNESS WHEREOF, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement of the date first herein written above.


_____                        _____
Robert W. Sink, Esq. *(Pro Hac Vice)*           Date
Law Offices of Robert W. Sink
319 West Front Street
Media, Pennsylvania 19063

*Counsel for Consumer Plaintiffs*
*and the Proposed Class*



_____                        _____
Peter C. Thomas, Esq.                           Date
Simpson Thacher & Bartlett LLP
601 Pennsylvania Avenue, N.W., North Building
Washington D.C. 20004

*Counsel for Warner Chilcott*


_____                        May 16, 2007
Karen N. Walker, Esq.                           Date
Mark L. Kovner, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington D.C. 20005

*Counsel for Barr*